1 | **SABHARWAL LAW OFFICES**
Sunena Sabharwal, SBN 148237
2 | 1999 Harrison Street, Suite 2675
Oakland, California 94612
3 | Telephone: (510) 273-8777

4 | Attorney for Plaintiff
MARIE YVONNE THORNTON
5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | MARIE YVONNE THORNTON

13 |                 Plaintiff,

14 | vs.

15 | COUNTY OF ALAMEDA; ALAMEDA
COUNTY SHERIFF'S DEPARTMENT;
16 | GREGORY J. AHERN; individually, and in his
official capacity as Chief Executive Officer for
17 | the Alameda County Sheriff's Department; R.
PECK, individually, and in his official capacity
18 | as a Deputy Sheriff for the Alameda County
Sheriff's Department; B. SALBY, individually,
19 | and in his official capacity as a Deputy Sheriff
for the Alameda County Sheriff's Department;
20 | R. NOBRIGA, individually, and in his official
capacity as a Deputy Sheriff for the Alameda
21 | County Sheriff's Department; S. WILHELM,
individually, and in his official capacity as a
22 | Deputy Sheriff for the Alameda County
Sheriff's Department; J. WHITE, individually,
23 | and in his official capacity as a Deputy Sheriff
for the Alameda County Sheriff's Department;
24 | D. DRISCOLL, individually, and in his official
capacity as a Deputy Sheriff for the Alameda
25 | County Sheriff's Department; B. KIMZEY,
individually, and in his official capacity as a
26 | Deputy Sheriff for the Alameda County
Sheriff's Department; C. MITRY, individually,
27 | and in his official capacity as a Deputy Sheriff
for the Alameda County Sheriff's Department;
28 | K. CARTWRIGHT, individually, and in his
capacity as a Deputy Sheriff for the Alameda

**CASE NO.**

**COMPLAINT FOR DAMAGES [42 U.S.C.
§1983]; Supplemental State Law Claim;
BATTERY; NEGLIGENCE; STRICT
LIABILITY; DETERMINE WHETHER
DOG PRESENTS DANGER TO HUMANS;
NEGLIGENT SUPERVISION OF
EMPLOYEES; VIOLATION OF PENAL
CODE/NEGLIGENCE PER SE;
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; FALSE
IMPRISONMENT; VIOLATION OF CIVIL
CODE §51.7; and VIOLATION OF CIVIL
CODE §52.1**

JURY TRIAL DEMANDED

BY FAX

1  County Sheriff's Department; K-9 RISO; and
   DOES 1 through 50, inclusive, individually, and
2  in their capacities as Alameda County Sheriff
   Deputies,
3
                    Defendants.
4
   _____/
5

6                        **JURISDICTION**

7  1. This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.
8
                  **INTRADISTRICT ASSIGNMENT**
9
   2. The claims alleged herein arise in the City of Hayward, State of California. Therefore, venue and
10
   assignment are in the United States District court for the Northern District of California, San
11
   Francisco or Oakland Division. 28 U.S.C. §1391(b)(2).
12
                         **PARTIES**
13
   3. Plaintiff, MARIE YVONNE THORNTON (hereinafter "THORNTON") at all times herein
14
   relevant was a resident of the County of Alameda, California.
15
   4. Defendant GREGORY J. AHERN (hereinafter "Defendant AHERN") is, and at all times herein
16
   mentioned was, the Chief Executive Officer of the Alameda County Sheriff's Department.
17
   Defendant AHERN is sued in his individual and official capacities. At all times mentioned herein,
18
   THORNTON is informed and believes and thereon alleges that Defendant AHERN was the policy-
19
   maker for Defendants ALAMEDA COUNTY SHERIFF'S DEPARTMENT (hereinafter
20
   "SHERIFF'S DEPARTMENT") and THE COUNTY OF ALAMEDA (hereinafter "COUNTY") on
21
   the matters alleged herein related to the customs, policies, practices of the ALAMEDA COUNTY
22
   SHERIFF'S DEPARTMENT including, but not limited to, customs, policies and practices related to
23
   the training, supervision, hiring and discipline of Deputy Sheriffs and the K-9 Units, and with respect
24
   to the management and supervision of the ALAMEDA COUNTY SHERIFF'S DEPARTMENT.
25
   5. At all times herein mentioned, Defendant R. PECK (hereinafter "Defendant PECK") was
26
   employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is
27
   ///
28
   being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and

COMPLAINT                                                              2

1  being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
2  SHERIFF'S DEPARTMENT.

3  6. At all times herein mentioned, Defendant B. SALBY (hereinafter "Defendant SALBY") was
4  employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is
5  being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
6  SHERIFF'S DEPARTMENT.

7  7. At all times herein mentioned, Defendant R. NOBRIGA (hereinafter "Defendant NOBRIGA")
8  was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He
9  is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
10  SHERIFF'S DEPARTMENT.

11  8. At all times herein mentioned, Defendant S. WILHELM (hereinafter "Defendant WILHELM")
12  was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He
13  is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
14  SHERIFF'S DEPARTMENT.

15  9. At all times herein mentioned, Defendant J. WHITE (hereinafter "Defendant WHITE") was
16  employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is
17  being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
18  SHERIFF'S DEPARTMENT.

19  10. At all times herein mentioned, Defendant D. DRISCOLL (hereinafter "Defendant DRISCOLL")
20  was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He
21  is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
22  SHERIFF'S DEPARTMENT.

23  11. At all times herein mentioned, Defendant B. KIMZEY (hereinafter "Defendant KIMZEY") was
24  employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is
25  being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
26  SHERIFF'S DEPARTMENT.

27  12. At all times herein mentioned, Defendant C. MITRY (hereinafter "Defendant MITRY") was
28  employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is
///

1  being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and
2  SHERIFF'S DEPARTMENT.

3  13. At all times herein mentioned, Defendant K. CARTWRIGHT (hereinafter "Defendant
4  CARTWRIGHT") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a
5  Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for
6  the COUNTY and SHERIFF'S DEPARTMENT.

7  14. At all times herein mentioned, Defendant K-9 RISO (hereinafter "Defendant RISO") was
8  employed and/or controlled by Defendants COUNTY and SHERIFF'S DEPARTMENT as a "K-9."
9  He is being sued individually, and in his official capacity as a "K-9" for the COUNTY and
10  SHERIFF'S DEPARTMENT.

11  15. Plaintiff is ignorant of the true names and/or capacities of Defendants DOES 1 through 50,
12  inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed, and
13  believes, and thereon alleges that the Defendants so named are responsible in some manner for the
14  injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her Complaint to
15  state the names and capacities of DOES 1 through 50, inclusive, when their identities have been
16  ascertained. Plaintiff is informed and believes, and upon such information and believe, alleges that
17  each of the DOE Defendants is legally responsible in that they have proximately caused said
18  incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision,
19  management or control, assault, battery, ratification, violation of constitutional rights, violation of
20  public policy, false arrest/false imprisonment or by reason of other personal, vicarious or imputed
21  negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency,
22  employment, ownership, entrustment, custody, care or control or upon any other act or omission.
23  Plaintiff will ask leave to amend this Complaint to insert further charging allegations when such
24  facts are ascertained.

25  16. Engaging in the conduct described herein, Defendant Deputy Sheriffs and Chief Executive
26  Officer acted under the color of law and in the course and scope of their employment with the
27  COUNTY and SHERIFF'S DEPARTMENT. In engaging in the conduct described herein,
28  Defendants exceeded the authority vested in them as law enforcement officers under the United
   ///

COMPLAINT                                                                                    4

1  States and California Constitutions, and as law enforcement officers employed by the Defendants

2  COUNTY and SHERIFF'S DEPARTMENT.

3  17. For the causes of action stated below, Plaintiff is required to comply with a statutory claim

4  filing requirement. Plaintiff has complied with all statutory filing requirements related to her claims.

5  ## STATEMENT OF FACTS

6  18. On December 16, 2006, Plaintiff, who was 5'1", and weighted 105 pounds, was with a friend

7  outside the Union Jack Pub on Mission Boulevard in Hayward. The two had a disagreement about

8  whether Plaintiff's friend could drive after having had some drinks that night. Plaintiff would not

9  get in the car with her friend, and walked away to a nearby gas station located at 988 East Lewelling

10  Boulevard in Hayward.

11  19. Plaintiff's friend pursued her, and continued to attempt to persuade her to drive home with him.

12  He grasped her torso, she struggled to release herself and quickly walked away.

13  20. Around the same time, an Alameda County Sheriff's vehicle, driven by Deputy Sheriff R. Peck,

14  pulled up. The Alameda County Sheriff's Officer placed Plaintiff's friend in hand-cuffs and patted

15  him down. He then pursued Plaintiff who had already crossed the street at the time of R. Peck's

16  arrival.

17  21. Deputy Sheriff R. Peck pursued Plaintiff, and shouted for her to stop. She did. More officers

18  arrived at the scene including a K-9 Unit. The officers released the K-9 Unit (Defendant K-9 RISO),

19  who sought out THORNTON and began biting her and dragging her on the ground. THORNTON

20  begged the officers who were within five feet of her and Defendant K-9 RISO to stop Defendant K-9

21  RISO from attacking her. Deputy Sheriffs stood and watched as Defendant K-9 RISO mauled

22  Plaintiff, and were laughing. THORNTON passed out as Defendant K-9 RISO was attacking her.

23  22. THORNTON was taken by ambulance to Eden Hospital. She had sustained multiple bite and

24  puncture wounds, in excess of 100 bite wounds to her legs, arms and hands which required multiple

25  stitches, and have caused her permanent scarring and damage to muscles and tendons.

26  23. Defendants thereafter arrested Plaintiff and charged her with resisting arrest as a result of the

27  fabricated accounts of the incident by Defendants, and has been forced to defend herself in Court

28  against said charges.

///

COMPLAINT                                                                                          5

24. Plaintiff alleges that the Defendants abused their use of a K-9 Unit for the purpose of causing Plaintiff harm. Several officers used the K-9 Unit to inflict excessive and unreasonable force against THORNTON, as detailed herein, that resulted in THORNTON sustaining tens of dozens of bite wounds to both of her legs, scarring, torn muscles and tendons, and causing her to suffer excruciating pain, and permanent long-term physical damage.

25. Plaintiff alleges that her injuries were caused as a direct result of excessive and brutal force used against her by Defendant law enforcement officers, and as a result of negligent training of said officers in the use of Defendant K-9 RISO, as well as improper training of Defendant K-9 RISO. Plaintiff further alleges that the excessive use of force and improper utilization of a K-9, and failure to train officers and the K-9 in proper police procedures reflect Defendants COUNTY's and SHERIFF'S DEPARTMENT's policies implicitly ratifying and/or authorizing the use of excessive force by their law enforcement officers and the failure to reasonably train law enforcement officers, including a K-9, employed by the COUNTY and SHERIFF'S DEPARTMENT.

26. Plaintiff further maintains that the customs, policies, patterns and practices which encourage, authorize, condone and/or ratified egregious abuses of authority by members of the SHERIFF'S DEPARTMENT, which included, but were not limited to, criminal activities, civil rights violations and other abuses of authority carried out under color of law.

27. Plaintiff is further informed and believes, and thereon alleges, that the repeated abuse of authority by the SHERIFF'S DEPARTMENT is a product of a culture of tolerance within the SHERIFF'S DEPARTMENT and, in particular, the Eden Township Substation.

28. Plaintiff is further informed and believes, and thereon alleges, that the repeated abuse of authority by the SHERIFF'S DEPARTMENT is a product of a culture of tolerance within the SHERIFF'S DEPARTMENT. This culture is rooted in the deliberate indifference of high ranking officials and/or supervisors, and each of them, individually and/or acting in concert with one another who have routinely acquiesced in the misconduct of members of the SHERIFF'S DEPARTMENT, ratified such conduct, and/or who have otherwise failed to take the measure to prevent and curtail such conduct.

29. Plaintiff is further informed and believes, and thereon alleges, that she suffered violations of her constitutional rights, and otherwise incurred damages as alleged herein as a result of customs,

1    policies, patterns and/or practices of Defendant SHERIFF'S DEPARTMENT, DOE Defendants, and

2    each of them, which has encouraged, authorized, condoned, ratified, and otherwise permitted such

3    conduct to continue and flourish within the SHERIFF'S DEPARTMENT.

4    30. Plaintiff is further informed and believes, and thereon alleges, that such customs, policies,

5    patterns and practices have included the failure to increase the span of control over subordinate

6    officers by supervisors and commanders which has encouraged, authorized, and/or otherwise caused

7    law enforcement personnel to engage in egregious abuses of authority while on duty and working for

8    the COUNTY and SHERIFF'S DEPARTMENT.

9    31. Plaintiff is further informed and believes, and thereon alleges, that said customs, policies,

10    patterns and practices have included, but are not limited to, a routine and repeated failure to fully

11    and fairly investigate complaints of misconduct, to staff the internal investigation arm of the

12    SHERIFF'S DEPARTMENT with supervisors and staff committed to conducting fair and unbiased

13    investigations of citizens' complaints; the repeated and routine failure to provide appropriate and

14    necessary resources to the Civil Review Board to fulfill its mission; and/or a repeated and routine

15    failure to appropriately supervise, discipline and train officers who have engaged in acts of

16    misconduct.

17    32. Plaintiff is further informed and believes, and thereon alleges, that said customs, policies,

18    patterns and/or practices have also included, but are not limited to, the failure to provide appropriate

19    and adequate training within the SHERIFF'S DEPARTMENT, Field Training Program and ongoing

20    training programs, including training to discourage a "Code of Silence" within the SHERIFF'S

21    DEPARTMENT, and to encourage officers to report misconduct on the part of their peers,

22    subordinates and supervisors; the failure to ensure that officers were not encouraged by their training

23    officers, in the academy and elsewhere, to engage in acts of misconduct against citizens and to

24    falsify reports and evidence; the failure to appropriately monitor or otherwise track complaints of

25    misconduct against its law enforcement offices so that appropriate and timely disciplinary action

26    and/or training could be taken with officer(s) were shown to have a history of complaints; and/or the

27    failure to promptly remove or terminate officers who repeatedly violate the rights of citizens and/or

28    engage in the type of misconduct alleged herein.

     ///

COMPLAINT          7

1  33. Plaintiff is further informed and believes, and thereon alleges, that she suffered the violations of

2  her constitutional rights as a result of deliberate indifference of Defendants COUNTY and

3  SHERIFF'S DEPARTMENT, all individually named Defendants, DOES 1 through 50, and/or other

4  high ranking SHERIFF'S DEPARTMENT officials and/or supervisors, with regard to the need for

5  more or different policies, training, supervision and/or discipline of its law enforcement officers,

6  including, but not limited to the named Deputy Sheriffs and/or DOES 1 through 24, and/or each of

7  them.

8  34. Plaintiff is further informed and believes, and thereon alleges, that the subject incidents were

9  caused as a result of the aforesaid customs, policies, patterns, practices and/or deliberate indifference

10  by Defendants COUNTY and SHERIFF'S DEPARTMENT, all individually named Defendants,

11  and/or DOES 25 to 50, and/or each of them.

12  35. The injuries inflicted against THORNTON as described herein were brutal, malicious and done

13  without just provocation or cause proximately causing her injuries and resulting damages.

14                                    **DAMAGES**

15  36. Plaintiff was physically, mentally, emotionally and financially damaged as a proximate result of

16  the brutal mauling by a canine at the instigation of the named law enforcement officers, including,

17  but not limited to, general pain and suffering, including emotional distress, physical pain, physical

18  debilitation, mental anguish, inability to work, and permanent physical and emotional damage.  As a

19  result of said injuries, Plaintiff was forced to incur extensive medical services and expenses.

20  37. Plaintiff is further entitled to recover for damages incurred by Plaintiff as a result of being

21  insulted and battered, for deprivation without due process of her rights, and to any penalties or

22  punitive damages to which Plaintiff would be entitled to recover, including pain, suffering and

23  disfigurement.

24  38. The conduct of Defendant law enforcement officers was malicious, wanton, and oppressive.

25  Plaintiff is entitled to an award of punitive damages against said individual Defendants.

26  39. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights,

27  under the law.  Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this

28  action pursuant to Title 42, United States Code §1983, and often; including state laws.

///

COMPLAINT                                                                                    8

1
2

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Against All Defendants)

3   40. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as
4   though incorporated herein in full.

5   41. In doing the acts complained of herein, Defendants individually and/or while acting in concert
6   with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain
7   constitutionally protected rights, including, but not limited to:

8       (a) The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth
9   and Fourteenth Amendments to the United States Constitution;

10      (b) The right not to be deprived of life or liberty without Due Process of Law, as guaranteed
11   by the Fifth and Fourteenth Amendments to the United States Constitution;

12      (c) The right to be free from the use of excessive force by law enforcement officers, which is
13   guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

14      (d) The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to
15   the United States Constitution; and/or

16      (e) The right to be free from interference within the zone of privacy, as protected by the
17   Fourth and Ninth Amendments to the United States Constitution.

18   42. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the
19   United States Constitution.

20      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

21
22

## SECOND CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Against All Defendants)

23   43. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as
24   though incorporated herein in full.

25   44. Plaintiff is informed and believes, and thereon alleges, that high ranking ALAMEDA officials
26   and SHERIFF'S DEPARTMENT officials, including high ranking supervisors such as Defendant
27   AHERN, DOES 25 through 50, and/or each of them, knew and/or reasonably should have known
28   about the proper and reasonable use of force and the proper and reasonable use of K-9 Units, and the
     potential danger for misuse or abuse of the use of force and of the K-9 Unit by Defendant officers,

COMPLAINT                                                                                           9

1  PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY,

2  CARTWRIGHT, K-9 RISO, and DOES 1 through 24, and/or each of them.

3  45. Despite having such notice, Plaintiff is informed and believes, and thereon alleges, that

4  Defendants AHERN and DOES 25 through 50, and/or each of them, approved, ratified, condoned,

5  encouraged, sought to cover up, and/or tacitly authorized the misuse or abuse of the use of force, the

6  K-9 Unit and/or civil rights violations by said officers.

7  46. Plaintiff is further informed and believes, and thereon alleges, that as a result of the deliberate

8  indifference, reckless and/or conscious disregard of the potential for injury by a K-9 Unit, and the

9  potential for misuse and abuse, to potentially cause severe injury, and the use of excessive force by

10  Defendants PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY,

11  CARTWRIGHT, K-9 RISO, and DOES 1 through 24, and/or each of them, Defendant AHERN,

12  DOES 25 through 50, and/or each of them, encouraged these officers to continue their course of

13  conduct, misuse and abuse, and caused these officers' lack of training, resulting in the violation of

14  Plaintiff's rights as alleged herein.

15  47. The aforementioned acts, omissions and/or deliberate indifference by high ranking COUNTY

16  and SHERIFF'S DEPARTMENT officials, including supervisors, Defendant AHERN, DOES 25

17  through 50, and/or each of them, resulted in the deprivation of Plaintiff's constitutional rights,

18  including, but not limited to, the following:

19      (a) The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

20  and Fourteenth Amendments to the United States Constitution;

21      (b) The right not to be deprived of life or liberty without Due Process of Law, as guaranteed

22  by the Fifth and Fourteenth Amendments to the United States Constitution;

23      (c) The right to be free from the use of excessive force by law enforcement officers, which is

24  guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

25      (d) The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

26  the United States Constitution; and/or

27      (e) The right to be free from interference within the zone of privacy, as protected by the

28  Fourth and Ninth Amendments to the United States Constitution.

///

1   48. Said rights are substantive guarantees under the Fourth and/or Fourteenths Amendments to the

2   United States Constitution.

3       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

4                                  **THIRD CAUSE OF ACTION**
                                          (Battery)
5                                  **(Against All Defendants)**

6   49. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

7   though incorporated herein in full.

8   50. Defendants COUNTY and SHERIFF'S DEPARTMENT, by and through their agents and

9   employees, Defendant law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM,

10  WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 1 through 24,

11  inclusive, battered Plaintiff by utilizing a dangerous instrument, a K-9 trained to commit bodily

12  injury upon a human being, and did so cause said K-9 to attack Plaintiff, bite her repeatedly, drag

13  her with its teeth, and despite her pleas that the law enforcement officers withdraw the K-9, they

14  failed to do so, intentionally, in order to permit the K-9 to inflict severe bodily injury upon the

15  Plaintiff. Said law enforcement officers inflicted bodily injury upon the Plaintiff intentionally, and

16  with reckless disregard to the consequences of their acts.

17  51. As a direct, legal and proximate result of the batteries, Plaintiff has been damaged in an amount

18  which is not yet know, but Plaintiff seeks leave of Court to amend her Complaint when damages are

19  ascertained, or to conform to proof at the time of trial. Plaintiff has been injured in her health,

20  strength and activity, sustaining bodily injury, shock to her nervous system, which said injuries have

21  caused, and continue to cause, her great physical and mental pain and suffering, all to her general

22  damage in an amount within the jurisdiction of this Court.

23  52. By doing the acts herein alleged, Defendants acted with malice, oppression and in conscious

24  disregard of the rights of the Plaintiff. The acts of the Defendants were such as to be so outrageous

25  as to entitle Plaintiff to punitive damages in an amount to be determined at the time of trial. The

26  public entity Defendants are liable under theory of *respondeat superior* because they knew of their

27  employees propensities to inflict malicious and harmful acts upon civilians.

28  53. Plaintiff has been injured in her health, strength and activity sustaining bodily injury, shock to

    her nervous system, which said injuries have caused, and continue to cause, her great physical and

COMPLAINT                                                                                        11

1 mental pain and suffering all to her general damage in an amount to be proven at the time of trial,

2 and in an amount within the jurisdiction of this Court.

3 WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

6 54. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

7 though incorporated herein in full.

8 55. Defendants COUNTY and SHERIFF'S DEPARTMENT, by and through their agents and

9 employees, Defendant law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM,

10 WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 1 through 24,

11 inclusive, engaged in negligent actions and/or negligent failure to act, as set forth herein above, and

12 proximately caused the severe injuries to the Plaintiff on or about December 16, 2006.

13 56. Specifically, Defendants permitted a K-9 Unit to attack the Plaintiff, and failed to take action to

14 protect Plaintiff from said K-9, consisting of attacking Plaintiff, dragging her, biting her tens of

15 dozens of times, such that she ultimately blacked out, and sustained serious bodily injuries which

16 will be with her for the rest of her life, disfigurement, damage to her muscles and which caused her

17 severe emotional distress.

18 57. The Defendants were aware that said K-9 Unit posed a risk of harm to others because he had

19 been trained to inflict severe bodily injury on persons, at the direction of the Defendants .

20 58. Defendants did not exercise reasonable care to avert the risk of harm because Defendants

21 refused to give the K-9 Unit commands to withdraw, or to restrain the dog, and stood by and

22 observed as the dog brutally attack the Plaintiff, and for their own pleasure.

23 59. As a further actual and proximate result of Defendants ' negligence, Plaintiff has incurred

24 medical bills in an amount according to proof at the time of trial. Plaintiff had no weapons on her

25 person, nor did defendants have any reason to believe that she was a danger.

26 WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Strict Liability)
### (Against All Defendants )

60. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

10356244.tif - 1/15/2008 3:30:38 PM

1  though incorporated herein in full.

2  61. At all times herein mentioned, Defendants were the owners, keepers, trainers and operators of a

3  certain canine, Defendant K-9 RISO and DOE canines, which caused the injuries and damages

4  complained of below. This dog had a vicious nature, disposition, and propensity which was known,

5  or should have been known, to the Defendants .

6  62. On or about December 16, 2006, said Defendant K-9 RISO attacked Plaintiff, bit her multiple

7  times on her legs and other parts of her body, dragged her, such that she became unconscious.

8  63. As a direct and proximate cause of said attack, Plaintiff was seriously injured in her person,

9  sustained emotional distress, economic loss, incurred significant medical bills, and sustained other

10  damages, all in an amount according to proof at time of trial.

11       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12
13
## SIXTH CAUSE OF ACTION
### (Determine Whether Dog Presents Danger to Humans)
### (Against All Defendants )

14  64. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

15  though incorporated herein in full.

16  65. Plaintiff is informed and believes, and thereon alleges, that Defendant K-9 RISO and the DOE

17  canines have bitten humans, or otherwise threatened them, without any provocation. On said

18  previous occasions, Defendant K-9 RISO and other DOE canines were allowed to run loose, were

19  not confined by police officers, and attacked innocent civilians and/or threatened them without

20  provocation whatsoever.

21       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

22
23
24
## SEVENTH CAUSE OF ACTION
### (Negligent Supervision of Employees )
### (Against Defendants COUNTY, SHERIFF'S DEPARTMENT,
### AHERN and DOES 25 through 50, Inclusive)

25  66. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

26  though incorporated herein in full.

27  67. At all relevant times, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE,

28  DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive,

and/or each of them, were responsible for supervising, disciplining, training and otherwise

1  controlling the conduct of the individual named law enforcement officers as a member of defendant

2  SHERIFF'S DEPARTMENT.

3  68. Said Defendants and/or each of them were aware that said law enforcement officers, AHERN,

4  PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY,

5  CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, had prior

6  complaints of utilizing excessive force or harassing civilians. Despite that, said Defendants , and/or

7  each of them, failed to do anything to correct the law enforcement officers AHERN, PECK,

8  SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9

9  RISO and DOES 25 through 50, inclusive, and/or each of them, including, but not limited to,

10  counseling, conducting investigations into their conduct, disciplining them, suspending them, or

11  taking any other conduct to ensure that they did not continue to harm civilians in the County of

12  Alameda, including monitoring their actions while on the job.

13  69. In doing all of the above acts, said Defendants negligently supervised law enforcement officers

14  AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY,

15  CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, with

16  knowledge of their propensities to harm civilians, and are thus liable for their conduct.

17  70. Said Defendants further were made aware of particular complaints raised by the Plaintiff about

18  said individual officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL,

19  KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of

20  them, yet failed to take action, failed to conduct an investigation, failed to promptly commence an

21  investigation, permitted the officers to take steps to thwart the investigation or sabotage it, as

22  required by the State of California and policies of the municipalities.

23  71. Said Defendants had a duty of care to ensure the safety and well-being of Plaintiff, and an

24  overall duty of care, including the duty to supervise the conduct of its employee law enforcement

25  officers.

26  72. At all relevant times herein, in the course and scope of their duties as employees, agents,

27  supervisors, of the said Defendants, they had a duty to exercise due care to protect Plaintiff from

28  assault, batteries and other harassment, and were aware of their duty to do so.

COMPLAINT                                                                                                   14

1   73. Said Defendants breached their duty of care to adequately monitor and control their law
2   enforcement officers, by failing to protect Plaintiff from misconduct of the law enforcement officers,
3   whether removing them from the police force, directing them to counseling, terminating them or
4   disciplining them in accordance with their own rules and procedures, and otherwise failing to take
5   protective action.

6   74. At all times herein mentioned, the named Defendants owed a duty to Plaintiff and to the public
7   to implement safety measures to prevent the abuse, the use of K-9 Units, to control their law
8   enforcement officers, to prevent them from violating civil rights, harassing civilians, and causing to
9   inflict serious bodily injury upon civilians.   Regarding said policies and duties, Defendants , and
10  each of them, breached said duty by failing to initiate an investigation after complaints were made,
11  both before Plaintiff's complaints, when other civilians complained, and in regards to Plaintiff's
12  complaints about the law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM,
13  WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50,
14  inclusive, and/or each of them.

15  75. As a direct, legal and proximate result of Defendants ' conduct, or failure to act, Plaintiff has
16  been damaged in an amount which is not yet known but Plaintiff will seek leave of court to amend
17  her Complaint when ascertained or will conform to proof at the time of trial.

18      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

19                                  **EIGHTH CAUSE OF ACTION**
                               **(Violation of Penal Code/Negligence Per Se )**
20                      **(Against Defendants COUNTY, SHERIFF'S DEPARTMENT,**
                              **AHERN and DOES 25 through 50, Inclusive)**
21
22  76. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as
    though incorporated herein in full.
23
24  77. At all items herein mentioned, Penal Code §§ 232, 243, 243.4, 266c, and other statutes
    precluded the activities engaged in by Defendants AHERN, PECK, SALBY, NOBRIGA,
25
    WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25
26
    through 50, inclusive, and/or each of them.
27
28  78. As a direct, legal and proximate result of the violation of statutes, Plaintiff has been damaged in
    an amount which is not yet known, but she will seek leave of the Court to amend her Complaint

COMPLAINT                                                                                          15

10356244.tif - 1/15/2008 3:30:38 PM

1    when ascertained, or will conform to proof at the time of trial.

2    79. In doing the acts herein alleged, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,

3    WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50,

4    inclusive, and/or each of them, acted with malice, oppression and in conscious disregard of the

5    rights of Plaintiff. The acts of said individually named Defendants were such as to be so outrageous

6    as to entitle Plaintiff to punitive damages in an amount to be determined at the time of trial. The

7    public entity individually named Defendants are liable under a theory of *respondeat superior*, and

8    because they inflicted injury on civilians.

9        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

10                      **NINTH CAUSE OF ACTION**
                  **(Intentional Infliction of Emotional Distress )**
11       **(Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,**
        **WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO**
12            **and DOES 25 through 50, inclusive, and/or each of them.)**

13   80. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

14   though incorporated herein in full.

15   81. At all times herein mentioned, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,

16   WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO, and DOES 25 through 50,

17   inclusive, and/or each of them, owed to Plaintiff a duty of care to refrain from intentionally inflicting

18   emotional distress on the Plaintiff, had a duty to protect her by virtue of their position as law

19   enforcement officers and to refrain from any conduct which would injur the Plaintiff.

20   82. In doing the acts herein mentioned, Defendants AHERN, PECK, SALBY, NOBRIGA,

21   WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO, and DOES 25

22   through 50, inclusive, and/or each of them, caused extreme emotional distress to the Plaintiff. Their

23   assaults, batteries and other intimidating conduct constituted outrageous conduct which should not

24   be tolerated by anyone in society. Said acts were intended to cause Plaintiff to be intimidated by and

25   to suffer fear of said individually named Defendants.

26   83. As a direct, legal and proximate result of the intentional infliction of emotional distress, Plaintiff

27   has been damaged in an amount which is not yet known, but she will seek leave of Court to amend

28   this Complaint when ascertained or conformed to proof at the time of trial.

     ///

1 | 84. In doing the acts herein alleged, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,

2 | WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO, and DOES 25 through 50,

3 | inclusive, and/or each of them, acted with malice, oppression and in conscious disregard of the

4 | rights of Plaintiff. The acts of said individually named Defendants were such as to be so outrageous

5 | as to entitle plaintiff to punitive damages in an amount to be determined at the time of trial.

6 | WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

7 | **TENTH CAUSE OF ACTION**
**(False Imprisonment)**
8 | **(Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO**
9 | **and DOES 25 through 50, inclusive, and/or each of them.)**

10 | 85. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

11 | though incorporated herein in full.

12 | 86. On December 16, 2006, Defendant law enforcement officers AHERN, PECK, SALBY,

13 | NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and

14 | DOES 25 through 50, inclusive, and/or each of them, used a K-9 Unit to attack Plaintiff forcibly and

15 | against her will, and without her consent, and over her protests and pleas for help, both under color

16 | of law and by physically holding her against her will, and caused her by force to be restrained for a

17 | significant a significant period of time.

18 | 87. Said individually named Defendants did these acts for their own personal gratification and

19 | enjoyment and acted with deliberate malice and for the purpose of harming the Plaintiff.

20 | 88. The public entity Defendants are liable under a theory of *respondeat superior* and because they

21 | knew of their employees' propensities to harass civilians and other acts of false imprisonment

22 | against other civilians.

23 | 89. As a proximate result of the acts of Defendants, Plaintiff was injured in her health, strength and

24 | activity, sustaining injury to her body and shock and injury to her nervous system and person, all of

25 | which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish.

26 | These injuries will result in permanent harm to Plaintiff, all to her general damage in an amount to

27 | be proven at trial.

28 | 90. In doing the acts herein alleged, Defendants acted with malice, oppression, and in conscious

disregard of the rights of the Plaintiff. The acts of the Defendants were such as to be so outrageous

COMPLAINT 17

1    as to entitle Plaintiff to punitive damages in an amount to be determined at the time of trial.

2         WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

3                          **TENTH CAUSE OF ACTION**
                          (Violation of Civil Code §51.7)
4          (Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,
           WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO
5              and DOES 25 through 50, inclusive, and/or each of them)

6    91. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

7    though incorporated herein in full.

8    92. At all times herein mentioned, Civil Code §51.7 was in full force and effect and was binding on

9    all Defendants.

10   93. Defendants subjected Plaintiff to acts and threats of violence, as well as intimidation by threat of

11   force, committed against her person because of their perception that she was a Hispanic/American.

12   As such, their conduct was motivated by racial prejudice against Plaintiff due to their perception of

13   her ethnic background. In engaging in such conduct, Defendants violated Plaintiff's rights under

14   California Civil Code §51.7 to be free from violence, or intimidation by threat of violence

15   committed against her because of her race, or perceived race.

16   94. Under the provisions of California Civil Code §52(b), Defendants are liable for an additional

17   $25,000 for each violation of Civil Code §51.7, for punitive damages and for reasonable attorney's

18   fees.

19   95. The entity Defendants are liable under a theory of *respondeat superior*, and because of they

20   knew of their employees propensities to harass people of color, and in particular, Hispanic-

21   Americans.

22        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23                          **ELEVENTH CAUSE OF ACTION**
                          (Violation of Civil Code §52.1)
24         (Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM,
           WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO
25             and DOES 25 through 50, inclusive, and/or each of them)

26   96. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

27   though incorporated herein in full.

28   97. The conduct of Defendants Against Defendants AHERN, PECK, SALBY, NOBRIGA,

     WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 1

1  through 24, inclusive, and/or each of them, as described herein, were acting in the course and scope

2  of their employment for Defendants COUNTY and SHERIFF'S DEPARTMENT, and violated

3  California Civil Code §52.1 in that through the wrongful assault and battery of Plaintiff, they

4  interfered with Plaintiff's exercise and enjoyment of her civil rights.

5  98. As a direct and proximate result of Defendants' violation of Civil Code Section §52.1, Plaintiff

6  suffered violation of her Constitutional rights, and suffered damages as set forth herein.

7  99. Since this conduct occurred in the course and scope of their employment, Defendants COUNTY

8  and SHERIFF'S DEPARTMENT are liable to Plaintiff pursuant to a theory of *respondeat superior*.

9  100. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant

10  to Civil Code §52.1(h).

11        WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

12                      **STATEMENT OF DAMAGES**

13  101. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as

14  though incorporated herein in full.

15  102. As a result of the acts and/ omissions of Defendants, and each of them, as alleged herein,

16  Plaintiff suffered damages, including, but not limited to:

17        a. General damages, including, but not limited to, past, present and future damages for pain,

18  suffering, emotional distress, and/or loss of liberty in amounts to be determined according to proof;

19        b. Special damages in amounts to be determined according to proof;

20        c. Punitive damages in amounts to be determined according to proof;

21        d. Reasonable attorney's fees pursuant to 42 U.S.C. Sec. 1988;

22        e. Reasonable attorney's fees pursuant to California Civil Code §§ 51.7 and 52.1;

23        f. Injunctive relief in joining Defendants COUNTY and SHERIFF'S DEPARTMENT from

24  authorizing, allowing or ratifying the practice by any law enforcement officer from using excessive

25  and unreasonable force against persons, including misuse and abuse of K-9 Units, pursuant to

26  California Civil Code §52.1;

27        g. Violation of California Civil Code §§ 52 and 52.1, statutory damages, and reasonable

28  attorney's fees;

        h. Violation of Civil Code §51.7 pursuant to California Civil Code §52(b) for punitive

COMPLAINT                                                                              19

10356244.tif - 1/15/2008 3:30:38 PM

1  damages against Defendant law enforcement officer, \$25,000 for each offense and reasonable

2  attorney's fees;

3      I. Injunctive relief;

4      j. Costs of suit incurred; and

5      k. Such further relief as the Court may deem just and proper.

6                          **JURY TRIAL DEMAND**

7  103. Plaintiff hereby demands a jury trial.

8                  **COMPLIANCE WITH TORT CLAIMS ACT**

9  104. Plaintiff timely submitted her claim against the County of Alameda on June 12, 2007, and

10  thereafter amended said claim on or about July 26, 2007.

11  105. On July 30, 2007, the County of Alameda rejected the claim.

12                                **PRAYER**

13      WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

14      1. For general damages, including, but not limited to, past, present and future damages for

15  pain, suffering, emotional distress, and/or loss of liberty in amounts to be determined according to

16  proof;

17      2. For special damages in amounts to be determined according to proof;

18      3. For punitive damages in amounts to be determined according to proof;

19      4. For reasonable attorney's fees pursuant to 42 U.S.C. Sec. 1988;

20      5. For reasonable attorney's fees pursuant to California Civil Code §§ 51.7 and 52.1;

21      6. For injunctive relief in joining Defendants COUNTY and SHERIFF'S DEPARTMENT

22  from authorizing, allowing or ratifying the practice by any law enforcement officer from using

23  excessive and unreasonable force against persons, including misuse and abuse of K-9 Units,

24  pursuant to California Civil Code §52.1;

25      7. For violation of California Civil Code §§ 52 and 52.1, statutory damages, and reasonable

26  attorney's fees;

27      8. For violation of Civil Code §51.7 pursuant to California Civil Code §52(b) for punitive

28  damages against Defendant law enforcement officer, \$25,000 for each offense and reasonable

attorney's fees;

COMPLAINT

20

1    9. For injunctive relief;

2    10. For costs of suit incurred; and

3    11. For such further relief as the Court may deem just and proper.

4    **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

5    106. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

6    parties, there is no such interest to report.

7

8    DATED: January _12_, 2008                    SABHARWAL LAW OFFICES

9

10                                               SUNENA SABHARWAL,
                                                 Attorney for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                              2