Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
John C. Won, SBN 242743
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:    510-763-2324
Fax:    510-273-8570

Attorneys for Defendants
COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT,
SHERIFF GREGORY J. AHERN, DEPUTY R. PECK,
DEPUTY B. SALBY, DEPUTY R. NOBRIGA, DEPUTY S. WILHELM,
DEPUTY J. WHITE, DEPUTY D. DRISCOLL, DEPUTY B. KIMZEY,
DEPUTY C. MITRY, and DEPUTY K. CARTWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARIE YVONNE THORNTON,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT; GREGORY J. AHERN, individually and in his official capacity as Chief Executive Officer for the Alameda County Sheriff's Department; R. PECK, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; B. SALBY, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; R. NOBRIGA, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; S. WILHELM, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; J. WHITE, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; D. DRISCOLL, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; B. KIMZEY, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; C. MITRY, individually and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department; K. CARTWRIGHT, individually and in his official capacity as a Deputy Sheriff for the | Case No.: C08-0314 BZ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**Date:**         May 7, 2008<br>**Time:**         10:00 a.m.<br>**Courtroom:**  G, 15th Floor |

1

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

| | |
|---|---|
| 1 | Alameda County Sheriff's Department;       ) |
| 2 | K-9 RISO; and DOES 1 through 50, inclusive, )<br>individually and in their capacities as Alameda ) |
| 3 | County Sheriff Deputies,                    ) |
| 4 |           Defendants.                    ) |

      PLEASE TAKE NOTICE THAT on **May 7, 2008,** at **10:00 a.m.**, in Courtroom G, 15th Floor, of the United States District Court, 450 Golden Gate Avenue, California, 94102, Defendants will and hereby do move the Court for an order granting dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

      This motion is made on the grounds Plaintiff has failed to state a claim for which relief can be granted; that Defendant K-9 Riso lacks capacity to sue or be sued in court; that bites inflicted by police dogs in the course of apprehending a criminal suspect are exempt from strict liability pursuant to California Civil Code section 3342; that police dogs are exempt from California Civil Code section 3342.5; that Plaintiff has not asserted any viable statutory basis for liability under the negligence per se doctrine; and for all the reasons set forth in the Memorandum of Points and Authorities accompanying the motion.

      Said Motion will be based on this Notice, the Memorandum of Points and Authorities, the allegations of Plaintiff's Complaint, the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: February 19, 2008

                                          HAAPALA, THOMPSON & ABERN, LLP

                                          By:  /s/ Rebecca S. Widen
                                                Rebecca S. Widen
                                                Attorneys for Defendants
                                                COUNTY OF ALAMEDA, ALAMEDA
                                                COUNTY SHERIFF'S DEPARTMENT,
                                                SHERIFF GREGORY J. AHERN, DEPUTY R.
                                                PECK, DEPUTY B. SALBY, DEPUTY R.
                                                NOBRIGA, DEPUTY S. WILHELM, DEPUTY J.
                                                WHITE, DEPUTY D. DRISCOLL, DEPUTY B.
                                                KIMZEY, DEPUTY C. MITRY, and DEPUTY K.
                                                CARTWRIGHT

2

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, by and through counsel undersigned, move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I. INTRODUCTION

On January 16, 2008, Plaintiff Marie Thornton ("Plaintiff") filed a complaint asserting civil rights and tort claims arising out of her arrest on the evening of December 16, 2006 by deputies employed by the Alameda County Sheriff's Office. Plaintiff alleges that defendants County of Alameda, Alameda County Sheriff's Department, Sheriff Gregory J. Ahern, Deputy R. Peck, Deputy B. Salby, Deputy R. Nobriga, Deputy S. Wilhelm, Deputy J. White, Deputy D. Driscoll, Deputy B. Kimzey, Deputy C. Mitry, Deputy K. Cartwright, and K-9 Riso ("Defendants") are liable for her alleged injuries. Defendants now move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

## II.   FACTS ALLEGED IN COMPLAINT

On the evening of December 16, 2007, Plaintiff and a male companion got into a disagreement after exiting the Union Jack Pub on Mission Boulevard in Hayward. The disagreement arose out of whether Plaintiff's male companion could drive after having had some alcoholic drinks that evening. Plaintiff refused to get into the car with her male companion. Plaintiff alleges she walked away to a nearby gas station, but her male companion pursued her and continued his attempts to persuade her to drive home with him. The argument became physical when her male companion "grasped her torso" and she "struggled to release herself and quickly walk away" (Complaint, ¶¶ 18-19).

Around that same time, Alameda County Sheriff's Deputy R. Peck pulled up, handcuffed her male companion, and patted him down. Deputy Peck then pursued plaintiff, who had crossed the street by that time. Deputy Peck shouted for Plaintiff to stop. Despite Plaintiff's complete compliance, Deputy Peck, along with other deputies who had responded to the scene, released an Alameda County K-9 dog which sought out Plaintiff and "began biting her and dragging her to the ground." Plaintiff alleges that the deputies watched and laughed as she was "mauled" by the K-9. Plaintiff alleges she received multiple puncture injuries, resulting

3

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

in permanent scarring and damage. After the incident, Plaintiff alleges she was falsely charged with resisting arrest and was forced to defend against those criminal charges in court. (Complaint, ¶¶ 20-23).

Based on these alleged facts, Plaintiff asserts the following causes of action against defendants: (1) various civil rights violations pursuant to 42 U.S.C § 1983, (2) battery, (3) negligence, (4) strict liability, (5) "determination of whether K-9 Riso presents a danger to humans," (6) negligent supervision, (7) negligence per se pursuant to violations of California Penal Code sections 232, 243, 243.4 and 266c, (8) intentional infliction of emotional distress, (9) false imprisonment, and (10) violations of Cal. Civil Code sections 51.7 and 52.1. Plaintiff seeks general, special and punitive damages against defendants in unspecified amounts as well as reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and Cal. Civil Code §§ 51.7 and 52.1.

For the following reasons, defendant Alameda County moves to dismiss plaintiff's complaint for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12/(b)(6).

### III.  ARGUMENT

A. <u>Plaintiff's Claims Should Be Dismissed To The Extent They Are Asserted Against "K-9 Riso" Because A Dog Lacks Capacity To Sue Or Be Sued In Court.</u>

Plaintiff has sued "K-9 Riso" in each of her twelve causes of action in this case. Plaintiff alleges that Riso is being sued "individually and in his official capacity as a 'K-9' for the County and the Sheriff" (Complaint, ¶ 14). In California dogs are regarded as property. See People v. Fimbres (1930) 107 Cal.App.Supp. 778. Dogs are not "persons or entities" with capacity to defend a suit in court. See American Alternative Energy Partners II v. Windridge, Inc. (1996) 42 Cal.App.4th 551, 559; Oliver v. Swiss Club Tell (1963) 222 Cal.App.2d 528, 537-538. Plaintiff's claims should be dismissed to the extent they are asserted against "K-9 Riso" because, as an animal, it lacks capacity to sue or be sued in court.

//

//

4

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

B. <u>Plaintiff's Fifth Cause Of Action Should Be Dismissed Because Bites Inflicted By Police Dogs In The Course Of Apprehending A Criminal Suspect Are Exempt From Strict Liability Pursuant To California Civil Code Section 3342.</u>

Plaintiff's fifth cause of action purports to state a claim for "strict liability" for the dog bite injuries inflicted by "K-9 Riso."  Although Plaintiff does not specifically allege the statutory source of this cause of action, presumably she is relying on California Civil Code section 3342(a), which establishes strict liability for dog bites.  Any reliance on Section 3342(a) is misplaced, however, because subsection (b) expressly excludes liability under that section where the injury is inflicted by a dog in the course of assisting law enforcement officers in apprehending or investigating a person suspected of possible criminal activity:

> (b) Nothing in this section shall authorize the bringing of an action pursuant to subdivision (a) against any governmental agency using a dog in military or police work if the bite or bites occurred while the dog was defending itself from an annoying, harassing, or provoking act, or assisting an employee of the agency in any of the following:
>
> (1) In the apprehension or holding of a suspect where the employee has a reasonable suspicion of the suspect's involvement in criminal activity.
>
> (2) In the investigation of a crime or possible crime.
>
> (3) In the execution of a warrant.
>
> (4) In the defense of a peace officer or another person.

Ca. Civ. Code § 3342(b).  Because the allegations of the complaint establish that Plaintiff was bitten by "K-9 Riso" in the course of being apprehended as a suspect in possible criminal activity, or during the course of a criminal investigation, Plaintiff's strict liability claim should be dismissed.

According to the allegations of the complaint, Plaintiff was involved in a disagreement and a physical altercation with her male companion which caused defendant sheriff's deputies to respond to the scene.  Plaintiff alleges that she crossed the street and left the scene of the altercation "around the same time" that sheriff's deputies arrived (Complaint, ¶¶19-20).  After handcuffing her male companion without incident, Deputy Peck "pursued" Plaintiff (Complaint,

5

¶ 20). In the course of this pursuit, defendant deputies released "K-9 Riso" with Plaintiff as its intended target (Complaint, ¶ 21).

Although Plaintiff alleges she complied with the deputies' commands to stop prior to the time they released Riso, it is clear that the deputies released "K-9 Riso" for the purpose of apprehending her as a suspect in the course of a criminal investigation. Indeed, Plaintiff alleges that she was charged with crime as a result of the incident and "was forced to defend herself in court against said charges" (Complaint, ¶ 23). Because it is clear from the face of the complaint that Plaintiff was the intended target of a police K-9 deployment made for purposes of apprehending a criminal suspect (Ca. Civ. Code § 3342(b)(1), or in the investigation of a crime or possible crime (Ca. Civ. Code § 3342(b)(2), Plaintiff cannot maintain a strict liability claim under California's dog bite statute.

Whether the sheriff deputies' deployment of Riso to apprehend Plaintiff was appropriate or reasonable under constitutional or tort standards does not affect the determination of whether the police dog exemption for strict liability applies. The only relevant inquiry is whether Plaintiff was the intended target of a police K-9 deployment made for any of the reasons set forth in Civil Code section 3342(b). Based on the allegations of the complaint, clearly she was. Plaintiff's Fifth Cause of Action for strict liability under the California Dog Bite Statute should be dismissed on this basis.

C. <u>Plaintiff's Sixth Cause of Action For "Determination Of Whether K-9 Riso Presents A Danger To Humans" Should Be Dismissed Because Police Dogs Are Exempt From California Civil Code Section 3342.5.</u>

Plaintiff's Sixth Cause of Action for "Determination of Whether K-9 Riso Presents a Danger to Human Beings" is not alleged under any particular statute in the Complaint. However, presumably Plaintiff is attempting to assert a cause of action pursuant to California Civil Code section 3342.5(b), which provides:

> Whenever a dog has bitten a human being on at least two separate occasions, any person . . . may bring an action against the owner of the animal to determine whether conditions of the treatment or confinement of the dog or other circumstances existing at the time of the bites have been changed so as to remove the danger to other persons presented by the animal.

6

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

1  Although this section authorizes a declaratory action against the owner of a dog that has bitten
2  more than twice, the Legislature included a specific exclusion for bites inflicted by a police dog
3  in the performance of its duties:

> Nothing in this section shall authorize the bringing of an action pursuant to subdivision (b) based on a bite or bites inflicted . . . by a dog used in military or police work if the bite or bites occurred while the dog was actually performing in that capacity.

Ca. Civ. Code § 3342.5(d).

The allegations of Plaintiff's Complaint clearly demonstrate that "K-9 Riso" was performing as a police dog at the time Plaintiff was bitten. Plaintiff alleges that the defendant sheriff's deputies released Riso for the purpose of apprehending Plaintiff as a possible suspect in a crime. Again, whether the deputies' use of Riso to apprehend Plaintiff was an appropriate or reasonable level of force is not relevant to this analysis. All that is relevant is whether the bite occurred while Riso was ostensibly performing "police work." Ca. Civ. Code § 3342.5(d). Plaintiff's allegations establish unequivocally that he was, and as such Plaintiff's Sixth Cause of Action should be dismissed.

D.  <u>Plaintiff's Eighth Cause Of Action For Negligence Per Se Should Be Dismissed As Plaintiff Has Not Asserted Any Viable Statutory Basis For Liability.</u>

In her Eighth Cause of Action, Plaintiff alleges a claim for "negligence per se." To state a claim pursuant to California's negligence per se doctrine, the plaintiff must allege (1) the defendant violated a particular statute or regulation, (2) the violation caused the plaintiff's injury, (3) the injury resulted from the kind of injury the statute or regulation was designed to prevent, and (4) the plaintiff was a member of the class of persons it was intended to protect. *Alejo v. City of Alhambra* (1999) 75 Cal.App.4th 1180, 1184-1185. Plaintiff's negligence per se claim is based on alleged violations of California Penal Code sections 232, 243, 243.4 and 266c. For the reasons that follow, these sections cannot form the basis of a viable negligence per se claim in this case.

California Penal Code section 232 was repealed in 1994. Before its repeal, section 232 provided as follows:

7

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

> Any person who fights a duel, or sends or accepts a challenge to fight a duel, either within this state or out of it, or who shall act as a second, or knowingly aid or assist in any manner those thus offending, shall not be allowed to hold any office of profit, or to enjoy the right of suffrage.

Ca. Penal Code § 232 (1993). Because Penal Code section 232 has been repealed for over fourteen years, and because there are no allegations in the Complaint that defendants were involved in "fighting a duel," defendants cannot be held liable for violating this section.

Plaintiff's negligence per se claim also rests on an alleged violation of California Penal Code section 243. That section sets forth the various sentences and punishments for criminal battery convictions in California. Plaintiff has not alleged specifically how defendants' conduct violated this fairly lengthy and detailed penal code section, how her injury resulted from the kind of injury the section was designed to prevent, or how she was a member of the class of persons the section was intended to protect. *See Alejo* at 1184-85. Penal Code section 243 does not outlaw battery; it simply states the various sentences and punishments that can be imposed for criminal battery. As such, Penal Code section 243 cannot form the basis for Plaintiff's negligence per se claim.

California Penal Code sections 243.4 and 266c prohibit, respectively, sexual battery and unlawful intercourse in California. Plaintiff has not alleged any facts to support the notion that defendants committed a sexual battery against her. There is no allegation that any defendant touched an "intimate part" of plaintiff for purposes of "sexual arousal, sexual gratification or sexual abuse." Ca. Penal Code § 243.4(a). Likewise, there is no allegation that any defendant fraudulently induced or coerced Plaintiff into having sexual intercourse with him. Ca. Penal Code. § 266c. These Penal Code sections simply do not apply in this case, and Plaintiff's negligence per se claim cannot be predicated on them.

Because it is clear on the face of the Complaint that none of the Penal Code sections allegedly violated by Defendants can possibly form the basis for a viable negligence per se claim, Plaintiff's Fifth Cause of Action should be dismissed for failure to state a claim.

## IV.  CONCLUSION

Based on the foregoing, the Court should enter a dismissal of Plaintiff's claims pursuant

8

*Thornton v. County of Alameda, et al.,* Case #C08-0314 BZ
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To FRCP 12(B)(6)

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1  to Federal Rule of Civil Procedure 12(b)(6).

2  Dated: March 18, 2008

3                                  HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Rebecca S. Widen
     Rebecca S. Widen
     Attorneys for Defendants
     COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, SHERIFF GREGORY J. AHERN, DEPUTY R. PECK, DEPUTY B. SALBY, DEPUTY R. NOBRIGA, DEPUTY S. WILHELM, DEPUTY J. WHITE, DEPUTY D. DRISCOLL, DEPUTY B. KIMZEY, DEPUTY C. MITRY, and DEPUTY K. CARTWRIGHT

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570