1 | **SABHARWAL LAW OFFICES**
Sunena Sabharwal, SBN 148237
2 | 1999 Harrison Street, Suite 2675
Oakland, California 94612
3 | Telephone: (510) 273-8777

4 | Attorney for Plaintiff
MARIE YVONNE THORNTON

5 |

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8 |

9 | MARIE YVONNE THORNTON

10 |           Plaintiff,

11 | vs.

12 | COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT;
13 | GREGORY J. AHERN; individually, and in his official capacity as Chief Executive Officer for
14 | the Alameda County Sheriff's Department; R. PECK, individually, and in his official capacity
15 | as a Deputy Sheriff for the Alameda County Sheriff's Department; B. SALBY, individually,
16 | and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department;
17 | R. NOBRIGA, individually, and in his official capacity as a Deputy Sheriff for the Alameda
18 | County Sheriff's Department; S. WILHELM, individually, and in his official capacity as a
19 | Deputy Sheriff for the Alameda County Sheriff's Department; J. WHITE, individually,
20 | and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department;
21 | D. DRISCOLL, individually, and in his official capacity as a Deputy Sheriff for the Alameda
22 | County Sheriff's Department; B. KIMZEY, individually, and in his official capacity as a
23 | Deputy Sheriff for the Alameda County Sheriff's Department; C. MITRY, individually,
24 | and in his official capacity as a Deputy Sheriff for the Alameda County Sheriff's Department;
25 | K. CARTWRIGHT, individually, and in his capacity as a Deputy Sheriff for the Alameda
26 |
27 | County Sheriff's Department; and DOES 1 through 50, inclusive, individually, and in their
28 | capacities as Alameda County Sheriff Deputies,
         Defendants.
_____/

**CASE NO. C08-0314**

**AMENDED COMPLAINT FOR DAMAGES [42 U.S.C. §1983]; Supplemental State Law Claim; BATTERY; NEGLIGENCE; NEGLIGENT SUPERVISION OF EMPLOYEE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FALSE IMPRISONMENT; VIOLATION OF CIVIL CODE §51.7; and VIOLATION OF CIVIL CODE §52.1**

JURY TRIAL DEMANDED

AMENDED COMPLAINT....                                                                                          1

## JURISDICTION

1. This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arise in the City of Hayward, State of California. Therefore, venue and assignment are in the United States District court for the Northern District of California, San Francisco or Oakland Division. 28 U.S.C. §1391(b)(2).

## PARTIES

3. Plaintiff, MARIE YVONNE THORNTON (hereinafter "THORNTON") at all times herein relevant was a resident of the County of Alameda, California.

4. Defendant GREGORY J. AHERN (hereinafter "Defendant AHERN") is, and at all times herein mentioned was, the Chief Executive Officer of the Alameda County Sheriff's Department. Defendant AHERN is sued in his individual and official capacities. At all times mentioned herein, THORNTON is informed and believes and thereon alleges that Defendant AHERN was the policy-maker for Defendants ALAMEDA COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF'S DEPARTMENT") and THE COUNTY OF ALAMEDA (hereinafter "COUNTY") on the matters alleged herein related to the customs, policies, practices of the ALAMEDA COUNTY SHERIFF'S DEPARTMENT including, but not limited to, customs, policies and practices related to the training, supervision, hiring and discipline of Deputy Sheriffs and the K-9 Units, and with respect to the management and supervision of the ALAMEDA COUNTY SHERIFF'S DEPARTMENT.

5. At all times herein mentioned, Defendant R. PECK (hereinafter "Defendant PECK") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

6. At all times herein mentioned, Defendant B. SALBY (hereinafter "Defendant SALBY") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

7. At all times herein mentioned, Defendant R. NOBRIGA (hereinafter "Defendant NOBRIGA")

was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

8. At all times herein mentioned, Defendant S. WILHELM (hereinafter "Defendant WILHELM") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

9. At all times herein mentioned, Defendant J. WHITE (hereinafter "Defendant WHITE") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

10. At all times herein mentioned, Defendant D. DRISCOLL (hereinafter "Defendant DRISCOLL") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

11. At all times herein mentioned, Defendant B. KIMZEY (hereinafter "Defendant KIMZEY") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

12. At all times herein mentioned, Defendant C. MITRY (hereinafter "Defendant MITRY") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

13. At all times herein mentioned, Defendant K. CARTWRIGHT (hereinafter "Defendant CARTWRIGHT") was employed by Defendants COUNTY and SHERIFF'S DEPARTMENT as a Deputy Sheriff. He is being sued individually, and in his official capacity as a Deputy Sheriff for the COUNTY and SHERIFF'S DEPARTMENT.

14. At all times herein mentioned, K-9 RISO (hereinafter "RISO") was employed and/or controlled by Defendants COUNTY and SHERIFF'S DEPARTMENT as a "K-9."

15. Plaintiff is ignorant of the true names and/or capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed, and believes, and thereon alleges that the Defendants so named are responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her Complaint to state the names and capacities of DOES 1 through 50, inclusive, when their identities have been ascertained. Plaintiff is informed and believes, and upon such information and believe, alleges that each of the DOE Defendants is legally responsible in that they have proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, assault, battery, ratification, violation of constitutional rights, violation of public policy, false arrest/false imprisonment or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this Complaint to insert further charging allegations when such facts are ascertained.

16. Engaging in the conduct described herein, Defendant Deputy Sheriffs and Chief Executive Officer acted under the color of law and in the course and scope of their employment with the COUNTY and SHERIFF'S DEPARTMENT. In engaging in the conduct described herein, Defendants exceeded the authority vested in them as law enforcement officers under the United States and California Constitutions, and as law enforcement officers employed by the Defendants COUNTY and SHERIFF'S DEPARTMENT.

17. For the causes of action stated below, Plaintiff is required to comply with a statutory claim filing requirement. Plaintiff has complied with all statutory filing requirements related to her claims.

**STATEMENT OF FACTS**

18. On December 16, 2006, Plaintiff, who was 5'1", and weighted 105 pounds, was with a friend outside the Union Jack Pub on Mission Boulevard in Hayward. The two had a disagreement about whether Plaintiff's friend could drive after having had some drinks that night. Plaintiff would not get in the car with her friend, and walked away to a nearby gas station located at 988 East Lewelling Boulevard in Hayward.

19. Plaintiff's friend pursued her, and continued to attempt to persuade her to drive home with him.

AMENDED COMPLAINT....                                            4

He grasped her torso, she struggled to release herself and quickly walked away.

20. Around the same time, an Alameda County Sheriff's vehicle, driven by Deputy Sheriff R. Peck, pulled up. The Alameda County Sheriff's Officer placed Plaintiff's friend in hand-cuffs and patted him down. He then pursued Plaintiff who had already crossed the street at the time of R. Peck's arrival.

21. Deputy Sheriff R. Peck pursued Plaintiff, and shouted for her to stop. She did. More officers arrived at the scene including a K-9 Unit. The officers released the K-9 Unit (RISO), who sought out THORNTON and began biting her and dragging her on the ground. THORNTON begged the officers who were within five feet of her and K-9 RISO to stop K-9 RISO from attacking her. Deputy Sheriffs stood and watched as K-9 RISO mauled Plaintiff, and were laughing. THORNTON passed out as K-9 RISO was attacking her.

22. THORNTON was taken by ambulance to Eden Hospital. She had sustained multiple bite and puncture wounds, in excess of 100 bite wounds to her legs, arms and hands which required multiple stitches, and have caused her permanent scarring and damage to muscles and tendons.

23. Defendants thereafter arrested Plaintiff and charged her with resisting arrest as a result of the fabricated accounts of the incident by Defendants, and has been forced to defend herself in Court against said charges.

24. Plaintiff alleges that the Defendants abused their use of a K-9 Unit for the purpose of causing Plaintiff harm. Several officers used the K-9 Unit to inflict excessive and unreasonable force against THORNTON, as detailed herein, that resulted in THORNTON sustaining tens of dozens of bite wounds to both of her legs, scarring, torn muscles and tendons, and causing her to suffer excruciating pain, and permanent long-term physical damage.

25. Plaintiff alleges that her injuries were caused as a direct result of excessive and brutal force used against her by Defendant law enforcement officers, and as a result of negligent training of said officers in the use of K-9 RISO, as well as improper training of K-9 RISO. Plaintiff further alleges that the excessive use of force and improper utilization of a K-9, and failure to train officers and the K-9 in proper police procedures reflect Defendants COUNTY's and SHERIFF'S DEPARTMENT's policies implicitly ratifying and/or authorizing the use of excessive force by their law enforcement officers and the failure to reasonably train law enforcement officers, including a K-9, employed by

the COUNTY and SHERIFF'S DEPARTMENT.

26. Plaintiff further maintains that the customs, policies, patterns and practices which encourage, authorize, condone and/or ratified egregious abuses of authority by members of the SHERIFF'S DEPARTMENT, which included, but were not limited to, criminal activities, civil rights violations and other abuses of authority carried out under color of law.

27. Plaintiff is further informed and believes, and thereon alleges, that the repeated abuse of authority by the SHERIFF'S DEPARTMENT is a product of a culture of tolerance within the SHERIFF'S DEPARTMENT and, in particular, the Eden Township Substation.

28. Plaintiff is further informed and believes, and thereon alleges, that the repeated abuse of authority by the SHERIFF'S DEPARTMENT is a product of a culture of tolerance within the SHERIFF'S DEPARTMENT.  This culture is rooted in the deliberate indifference of high ranking officials and/or supervisors, and each of them, individually and/or acting in concert with one another who have routinely acquiesced in the misconduct of members of the SHERIFF'S DEPARTMENT, ratified such conduct, and/or who have otherwise failed to take the measure to prevent and curtail such conduct.

29. Plaintiff is further informed and believes, and thereon alleges, that she suffered violations of her constitutional rights, and otherwise incurred damages as alleged herein as a result of customs, policies, patterns and/or practices of Defendant SHERIFF'S DEPARTMENT, DOE Defendants, and each of them, which has encouraged, authorized, condoned, ratified, and otherwise permitted such conduct to continue and flourish within the SHERIFF'S DEPARTMENT.

30. Plaintiff is further informed and believes, and thereon alleges, that such customs, policies, patterns and practices have included the failure to increase the span of control over subordinate officers by supervisors and commanders which has encouraged, authorized, and/or otherwise caused law enforcement personnel to engage in egregious abuses of authority while on duty and working for the COUNTY and SHERIFF'S DEPARTMENT.

31. Plaintiff is further informed and believes, and thereon alleges, that said customs, policies, patterns and practices have included, but are not limited to, a routine and repeated failure to fully and fairly investigate complaints of misconduct, to staff the internal investigation arm of the SHERIFF'S DEPARTMENT with supervisors and staff committed to conducting fair and unbiased

AMENDED COMPLAINT.... 6

investigations of citizens' complaints; the repeated and routine failure to provide appropriate and necessary resources to the Civil Review Board to fulfill its mission; and/or a repeated and routine failure to appropriately supervise, discipline and train officers who have engaged in acts of misconduct.

32. Plaintiff is further informed and believes, and thereon alleges, that said customs, policies, patterns and/or practices have also included, but are not limited to, the failure to provide appropriate and adequate training within the SHERIFF'S DEPARTMENT, Field Training Program and ongoing training programs, including training to discourage a "Code of Silence" within the SHERIFF'S DEPARTMENT, and to encourage officers to report misconduct on the part of their peers, subordinates and supervisors; the failure to ensure that officers were not encouraged by their training officers, in the academy and elsewhere, to engage in acts of misconduct against citizens and to falsify reports and evidence; the failure to appropriately monitor or otherwise track complaints of misconduct against its law enforcement offices so that appropriate and timely disciplinary action and/or training could be taken with officer(s) were shown to have a history of complaints; and/or the failure to promptly remove or terminate officers who repeatedly violate the rights of citizens and/or engage in the type of misconduct alleged herein.

33. Plaintiff is further informed and believes, and thereon alleges, that she suffered the violations of her constitutional rights as a result of deliberate indifference of Defendants COUNTY and SHERIFF'S DEPARTMENT, all individually named Defendants, DOES 1 through 50, and/or other high ranking SHERIFF'S DEPARTMENT officials and/or supervisors, with regard to the need for more or different policies, training, supervision and/or discipline of its law enforcement officers, including, but not limited to the named Deputy Sheriffs and/or DOES 1 through 24, and/or each of them.

34. Plaintiff is further informed and believes, and thereon alleges, that the subject incidents were caused as a result of the aforesaid customs, policies, patterns, practices and/or deliberate indifference by Defendants COUNTY and SHERIFF'S DEPARTMENT, all individually named Defendants, and/or DOES 25 to 50, and/or each of them.

35. The injuries inflicted against THORNTON as described herein were brutal, malicious and done without just provocation or cause proximately causing her injuries and resulting damages.

## DAMAGES

36. Plaintiff was physically, mentally, emotionally and financially damaged as a proximate result of the brutal mauling by a canine at the instigation of the named law enforcement officers, including, but not limited to, general pain and suffering, including emotional distress, physical pain, physical debilitation, mental anguish, inability to work, and permanent physical and emotional damage. As a result of said injuries, Plaintiff was forced to incur extensive medical services and expenses.

37. Plaintiff is further entitled to recover for damages incurred by Plaintiff as a result of being insulted and battered, for deprivation without due process of her rights, and to any penalties or punitive damages to which Plaintiff would be entitled to recover, including pain, suffering and disfigurement.

38. The conduct of Defendant law enforcement officers was malicious, wanton, and oppressive. Plaintiff is entitled to an award of punitive damages against said individual Defendants.

39. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42, United States Code §1983, and often; including state laws.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)
### (Against All Defendants)

40. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

41. In doing the acts complained of herein, Defendants individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including, but not limited to:

   (a) The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   (b) The right not to be deprived of life or liberty without Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   (c) The right to be free from the use of excessive force by law enforcement officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

    (d) The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or

    (e) The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

42. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**(Against All Defendants)**

43. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

44. Plaintiff is informed and believes, and thereon alleges, that high ranking ALAMEDA officials and SHERIFF'S DEPARTMENT officials, including high ranking supervisors such as Defendant AHERN, DOES 25 through 50, and/or each of them, knew and/or reasonably should have known about the proper and reasonable use of force and the proper and reasonable use of K-9 Units, and the potential danger for misuse or abuse of the use of force and of the K-9 Unit by Defendant officers, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 1 through 24, and/or each of them.

45. Despite having such notice, Plaintiff is informed and believes, and thereon alleges, that Defendants AHERN and DOES 25 through 50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the misuse or abuse of the use of force, the K-9 Unit and/or civil rights violations by said officers.

46. Plaintiff is further informed and believes, and thereon alleges, that as a result of the deliberate indifference, reckless and/or conscious disregard of the potential for injury by a K-9 Unit, and the potential for misuse and abuse, to potentially cause severe injury, and the use of excessive force by Defendants PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 1 through 24, and/or each of them, Defendant AHERN, DOES 25 through 50, and/or each of them, encouraged these officers to continue their course of conduct, misuse and abuse, and caused these officers' lack of training, resulting in the violation of Plaintiff's

rights as alleged herein.

47. The aforementioned acts, omissions and/or deliberate indifference by high ranking COUNTY and SHERIFF'S DEPARTMENT officials, including supervisors, Defendant AHERN, DOES 25 through 50, and/or each of them, resulted in the deprivation of Plaintiff's constitutional rights, including, but not limited to, the following:

    (a) The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    (b) The right not to be deprived of life or liberty without Due Process of Law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    (c) The right to be free from the use of excessive force by law enforcement officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

    (d) The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or

    (e) The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

48. Said rights are substantive guarantees under the Fourth and/or Fourteenths Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Battery)**
**(Against All Defendants)**

49. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

50. Defendants COUNTY and SHERIFF'S DEPARTMENT, by and through their agents and employees, Defendant law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 1 through 24, inclusive, battered Plaintiff by utilizing a dangerous instrument, a K-9 trained to commit bodily injury upon a human being, and did so cause said K-9 to attack Plaintiff, bite her repeatedly, drag her with its teeth, and despite her pleas that the law enforcement officers withdraw the K-9, they failed to do so, intentionally, in order to permit the K-9 to inflict severe bodily injury upon the Plaintiff. Said law

enforcement officers inflicted bodily injury upon the Plaintiff intentionally, and with reckless disregard to the consequences of their acts.

51. As a direct, legal and proximate result of the batteries, Plaintiff has been damaged in an amount which is not yet know, but Plaintiff seeks leave of Court to amend her Complaint when damages are ascertained, or to conform to proof at the time of trial. Plaintiff has been injured in her health, strength and activity, sustaining bodily injury, shock to her nervous system, which said injuries have caused, and continue to cause, her great physical and mental pain and suffering, all to her general damage in an amount within the jurisdiction of this Court.

52. By doing the acts herein alleged, Defendants acted with malice, oppression and in conscious disregard of the rights of the Plaintiff. The acts of the Defendants were such as to be so outrageous as to entitle Plaintiff to punitive damages in an amount to be determined at the time of trial. The public entity Defendants are liable under theory of *respondeat superior* because they knew of their employees propensities to inflict malicious and harmful acts upon civilians.

53. Plaintiff has been injured in her health, strength and activity sustaining bodily injury, shock to her nervous system, which said injuries have caused, and continue to cause, her great physical and mental pain and suffering all to her general damage in an amount to be proven at the time of trial, and in an amount within the jurisdiction of this Court.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
**(Against All Defendants)**

54. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

55. Defendants COUNTY and SHERIFF'S DEPARTMENT, by and through their agents and employees, Defendant law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 1 through 24, inclusive, engaged in negligent actions and/or negligent failure to act, as set forth herein above, and proximately caused the severe injuries to the Plaintiff on or about December 16, 2006.

56. Specifically, Defendants permitted a K-9 Unit to attack the Plaintiff, and failed to take action to protect Plaintiff from said K-9, consisting of attacking Plaintiff, dragging her, biting her tens of

1  dozens of times, such that she ultimately blacked out, and sustained serious bodily injuries which
2  will be with her for the rest of her life, disfigurement, damage to her muscles and which caused her
3  severe emotional distress.

4  57. The Defendants were aware that said K-9 Unit posed a risk of harm to others because he had
5  been trained to inflict severe bodily injury on persons, at the direction of the Defendants.

6  58. Defendants did not exercise reasonable care to avert the risk of harm because Defendants
7  refused to give the K-9 Unit commands to withdraw, or to restrain the dog, and stood by and
8  observed as the dog brutally attacked the Plaintiff, and for their own pleasure.

9  59. As a further actual and proximate result of Defendants' negligence, Plaintiff has incurred
10 medical bills in an amount according to proof at the time of trial. Plaintiff had no weapons on her
11 person, nor did defendants have any reason to believe that she was a danger.

12          WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligent Supervision of Employees )**
**(Against Defendants COUNTY, SHERIFF'S DEPARTMENT,**
**AHERN and DOES 25 through 50, Inclusive)**

60. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

61. At all relevant times, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, were responsible for supervising, disciplining, training and otherwise controlling the conduct of the individual named law enforcement officers as a member of defendant SHERIFF'S DEPARTMENT.

62. Said Defendants and/or each of them were aware that said law enforcement officers, AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, had prior complaints of utilizing excessive force or harassing civilians. Despite that, said Defendants, and/or each of them, failed to do anything to correct the law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, including, but not limited to,

counseling, conducting investigations into their conduct, disciplining them, suspending them, or taking any other conduct to ensure that they did not continue to harm civilians in the County of Alameda, including monitoring their actions while on the job.

63. In doing all of the above acts, said Defendants negligently supervised law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, with knowledge of their propensities to harm civilians, and are thus liable for their conduct.

64. Said Defendants further were made aware of particular complaints raised by the Plaintiff about said individual officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them, yet failed to take action, failed to conduct an investigation, failed to promptly commence an investigation, permitted the officers to take steps to thwart the investigation or sabotage it, as required by the State of California and policies of the municipalities.

65. Said Defendants had a duty of care to ensure the safety and well-being of Plaintiff, and an overall duty of care, including the duty to supervise the conduct of its employee law enforcement officers.

66. At all relevant times herein, in the course and scope of their duties as employees, agents, supervisors, of the said Defendants, they had a duty to exercise due care to protect Plaintiff from assault, batteries and other harassment, and were aware of their duty to do so.

67. Said Defendants breached their duty of care to adequately monitor and control their law enforcement officers, by failing to protect Plaintiff from misconduct of the law enforcement officers, whether removing them from the police force, directing them to counseling, terminating them or disciplining them in accordance with their own rules and procedures, and otherwise failing to take protective action.

68. At all times herein mentioned, the named Defendants owed a duty to Plaintiff and to the public to implement safety measures to prevent the abuse, the use of K-9 Units, to control their law enforcement officers, to prevent them from violating civil rights, harassing civilians, and causing to inflict serious bodily injury upon civilians. Regarding said policies and duties, Defendants , and

1. each of them, breached said duty by failing to initiate an investigation after complaints were made, both before Plaintiff's complaints, when other civilians complained, and in regards to Plaintiff's complaints about the law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them.

69. As a direct, legal and proximate result of Defendants' conduct, or failure to act, Plaintiff has been damaged in an amount which is not yet known but Plaintiff will seek leave of court to amend her Complaint when ascertained or will conform to proof at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress )**
**(Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them.)**

70. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

71. At all times herein mentioned, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them, owed to Plaintiff a duty of care to refrain from intentionally inflicting emotional distress on the Plaintiff, had a duty to protect her by virtue of their position as law enforcement officers and to refrain from any conduct which would injur the Plaintiff.

72. In doing the acts herein mentioned, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them, caused extreme emotional distress to the Plaintiff. Their assaults, batteries and other intimidating conduct constituted outrageous conduct which should not be tolerated by anyone in society. Said acts were intended to cause Plaintiff to be intimidated by and to suffer fear of said individually named Defendants.

73. As a direct, legal and proximate result of the intentional infliction of emotional distress, Plaintiff has been damaged in an amount which is not yet known, but she will seek leave of Court to amend this Complaint when ascertained or conformed to proof at the time of trial.

74. In doing the acts herein alleged, Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them, acted with malice, oppression and in conscious disregard of the rights of Plaintiff. The acts of said individually named Defendants were such as to be so outrageous as to entitle plaintiff to punitive damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(False Imprisonment )**
**(Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50, inclusive, and/or each of them.)**

75. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

76. On December 16, 2006, Defendant law enforcement officers AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them, used a K-9 Unit to attack Plaintiff forcibly and against her will, and without her consent, and over her protests and pleas for help, both under color of law and by physically holding her against her will, and caused her by force to be restrained for a significant a significant period of time.

77. Said individually named Defendants did these acts for their own personal gratification and enjoyment and acted with deliberate malice and for the purpose of harming the Plaintiff.

78. The public entity Defendants are liable under a theory of *respondeat superior* and because they knew of their employees' propensities to harass civilians and other acts of false imprisonment against other civilians.

79. As a proximate result of the acts of Defendants, Plaintiff was injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish. These injuries will result in permanent harm to Plaintiff, all to her general damage in an amount to be proven at trial.

80. In doing the acts herein alleged, Defendants acted with malice, oppression, and in conscious disregard of the rights of the Plaintiff. The acts of the Defendants were such as to be so outrageous

as to entitle Plaintiff to punitive damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Violation of Civil Code §51.7)
### (Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them)

81. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

82. At all times herein mentioned, Civil Code §51.7 was in full force and effect and was binding on all Defendants.

83. Defendants subjected Plaintiff to acts and threats of violence, as well as intimidation by threat of force, committed against her person because of their perception that she was a Hispanic/American. As such, their conduct was motivated by racial prejudice against Plaintiff due to their perception of her ethnic background. In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against her because of her race, or perceived race.

84. Under the provisions of California Civil Code §52(b), Defendants are liable for an additional $25,000 for each violation of Civil Code §51.7, for punitive damages and for reasonable attorney's fees.

85. The entity Defendants are liable under a theory of *respondeat superior*, and because of they knew of their employees propensities to harass people of color, and in particular, Hispanic-Americans.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Violation of Civil Code §52.1)
### (Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50, inclusive, and/or each of them)

86. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

87. The conduct of Defendants Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 1 through 24,

inclusive, and/or each of them, as described herein, were acting in the course and scope of their employment for Defendants COUNTY and SHERIFF'S DEPARTMENT, and violated California Civil Code §52.1 in that through the wrongful assault and battery of Plaintiff, they interfered with Plaintiff's exercise and enjoyment of her civil rights.

88. As a direct and proximate result of Defendants' violation of Civil Code Section §52.1, Plaintiff suffered violation of her Constitutional rights, and suffered damages as set forth herein.

89. Since this conduct occurred in the course and scope of their employment, Defendants COUNTY and SHERIFF'S DEPARTMENT are liable to Plaintiff pursuant to a theory of *respondeat superior*.

90. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**STATEMENT OF DAMAGES**

91. Plaintiff incorporates by reference and re-alleges herein all of the foregoing paragraphs as though incorporated herein in full.

92. As a result of the acts and/ omissions of Defendants, and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

   a. General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, and/or loss of liberty in amounts to be determined according to proof;

   b. Special damages in amounts to be determined according to proof;

   c. Punitive damages in amounts to be determined according to proof;

   d. Reasonable attorney's fees pursuant to 42 U.S.C. Sec. 1988;

   e. Reasonable attorney's fees pursuant to California Civil Code §§ 51.7 and 52.1;

   f. Injunctive relief in joining Defendants COUNTY and SHERIFF'S DEPARTMENT from authorizing, allowing or ratifying the practice by any law enforcement officer from using excessive and unreasonable force against persons, including misuse and abuse of K-9 Units, pursuant to California Civil Code §52.1;

   g. Violation of California Civil Code §§ 52 and 52.1, statutory damages, and reasonable attorney's fees;

   h. Violation of Civil Code §51.7 pursuant to California Civil Code §52(b) for punitive

damages against Defendant law enforcement officer, $25,000 for each offense and reasonable attorney's fees;

    i. Costs of suit incurred; and

    j. Such further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

93. Plaintiff hereby demands a jury trial.

## COMPLIANCE WITH TORT CLAIMS ACT

94. Plaintiff timely submitted her claim against the County of Alameda on June 12, 2007, and thereafter amended said claim on or about July 26, 2007.

95. On July 30, 2007, the County of Alameda rejected the claim.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For general damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress, and/or loss of liberty in amounts to be determined according to proof;

2. For special damages in amounts to be determined according to proof;

3. For punitive damages in amounts to be determined according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Sec. 1988;

5. For reasonable attorney's fees pursuant to California Civil Code §§ 51.7 and 52.1;

6. For injunctive relief in joining Defendants COUNTY and SHERIFF'S DEPARTMENT from authorizing, allowing or ratifying the practice by any law enforcement officer from using excessive and unreasonable force against persons, including misuse and abuse of K-9 Units, pursuant to California Civil Code §52.1;

7. For violation of California Civil Code §§ 52 and 52.1, statutory damages, and reasonable attorney's fees;

8. For violation of Civil Code §51.7 pursuant to California Civil Code §52(b) for punitive damages against Defendant law enforcement officer, $25,000 for each offense and reasonable attorney's fees;

9. For costs of suit incurred; and

11. For such further relief as the Court may deem just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

96. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: April 14, 2008                     SABHARWAL LAW OFFICES

                                          /s/
                                          _____
                                          SUNENA SABHARWAL,
                                          Attorney for Plaintiff