Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
John C. Won, SBN 242743
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:  510-273-8570

Attorneys For Defendants, COUNTY OF ALAMEDA,
SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY,
R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL,
B. KIMZEY, C. MITRY, and K. CARTWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARIE YVONNE THORNTON, | Case No.: C08-0314 BZ |
| Plaintiff, | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| vs. | |
| COUNTY OF ALAMEDA; et al. | |
| Defendants. | |

COME NOW Defendants COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY, R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL, B. KIMZEY, C. MITRY, and K. CARTWRIGHT ("Defendants"), and answer Plaintiff's Amended Complaint For Damages [42 U.S.C. §1983]; Supplemental State Law Claim; Battery; Negligence; Negligent Supervision Of Employee; Intentional Infliction Of Emotional Distress; False Imprisonment; Violation Of Civil Code §51.7; and Violation Of Civil Code §52.1 as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional and venue purposes only.

3. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation thereof.

4. Admitted that Defendant GREGORY J. AHERN is the Sheriff of, and a policymaker

1
*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

for, the Alameda County Sheriff's Office. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

5. Admitted that at all times mentioned in the Amended Complaint, Defendant R. PECK was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

6. Admitted that at all times mentioned in the Amended Complaint, Defendant B. SALBY was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

7. Admitted that at all times mentioned in the Amended Complaint, Defendant R. NOBRIGA was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

8. Admitted that at all times mentioned in the Amended Complaint, Defendant S. WILHELM was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

9. Admitted that at all times mentioned in the Amended Complaint, Defendant J. WHITE was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

10. Admitted that at all times mentioned in the Amended Complaint, Defendant D. DRISCOLL was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

11. Admitted that at all times mentioned in the Amended Complaint, Defendant B. KIMZEY was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

12. Admitted that at all times mentioned in the Amended Complaint, Defendant C. MITRY was employed by the Alameda County Sheriff's Office as a deputy. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

13. Admitted that at all times mentioned in the Amended Complaint, Defendant K. CARTWRIGHT was employed by the Alameda County Sheriff's Office as a deputy.

2

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1 Otherwise, Defendants deny generally and specifically each and every allegation of this
2 paragraph.

3     14. Admitted that at all times mentioned in the Amended Complaint, the Alameda
4 County Sheriff's Office utilized a K-9 named "Riso" which was trained for use as a police dog.
5 Otherwise, Defendants deny generally and specifically each and every allegation of this
6 paragraph.

7     15. Defendants deny generally and specifically each and every allegation of this
8 paragraph.

9     16. Defendants deny generally and specifically each and every allegation of this
10 paragraph.

11     17. Defendants deny generally and specifically each and every allegation of this
12 paragraph.

## STATEMENT OF FACTS

14     18. Defendants admit that Plaintiff was in the vicinity of the Union Jack Pub on Mission
15 Boulevard in Hayward, around 2:30 a.m. on December 16, 2006. Otherwise, Defendants deny
16 generally and specifically each and every allegation of this paragraph.

17     19. Defendants admit that Plaintiff was observed with a male companion. Otherwise,
18 Defendants deny generally and specifically each and every allegation of this paragraph.

19     20. Admitted that Alameda County Sheriff's Deputy R. PECK arrived in his patrol car
20 to investigate Plaintiff and her male companion. Admitted that Plaintiff's male companion was
21 placed in handcuffs. Otherwise, Defendants deny generally and specifically each and every
22 allegation of this paragraph.

23     21. Admitted that Deputy R. PECK pursued Plaintiff and shouted for her to stop.
24 Admitted that more deputies arrived in response to Deputy PECK's call for backup. Otherwise,
25 Defendants deny generally and specifically each and every allegation of this paragraph.

26     22. Admitted that Plaintiff was taken to Eden Hospital. Otherwise, Defendants deny
27 generally and specifically each and every allegation of this paragraph.

28     23. Admitted that Plaintiff was arrested. Otherwise, Defendants deny generally and

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

3
*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

specifically each and every allegation of this paragraph.

24. Defendants deny generally and specifically each and every allegation of this paragraph.

25. Defendants deny generally and specifically each and every allegation of this paragraph.

26. Defendants deny generally and specifically each and every allegation of this paragraph.

27. Defendants deny generally and specifically each and every allegation of this paragraph.

28. Defendants deny generally and specifically each and every allegation of this paragraph.

29. Defendants deny generally and specifically each and every allegation of this paragraph.

30. Defendants deny generally and specifically each and every allegation of this paragraph.

31. Defendants deny generally and specifically each and every allegation of this paragraph.

32. Defendants deny generally and specifically each and every allegation of this paragraph.

33. Defendants deny generally and specifically each and every allegation of this paragraph.

34. Defendants deny generally and specifically each and every allegation of this paragraph.

35. Defendants deny generally and specifically each and every allegation of this paragraph.

**DAMAGES**

36. Defendants deny generally and specifically each and every allegation of this paragraph.

4

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

37. Defendants deny generally and specifically each and every allegation of this paragraph.

38. Defendants deny generally and specifically each and every allegation of this paragraph.

39. Defendants deny generally and specifically each and every allegation of this paragraph.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983
### Against All Defendants

40. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

41. Defendants deny generally and specifically each and every allegation of this paragraph.

42. Defendants deny generally and specifically each and every allegation of this paragraph.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983
### Against All Defendants

43. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

44. Defendants deny generally and specifically each and every allegation of this paragraph.

45. Defendants deny generally and specifically each and every allegation of this paragraph.

46. Defendants deny generally and specifically each and every allegation of this paragraph.

47. Defendants deny generally and specifically each and every allegation of this paragraph.

5

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

48. Defendants deny generally and specifically each and every allegation of this paragraph.

### THIRD CAUSE OF ACTION

**Battery**
**Against All Defendants**

49. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

50. Defendants deny generally and specifically each and every allegation of this paragraph.

51. Defendants deny generally and specifically each and every allegation of this paragraph.

52. Defendants deny generally and specifically each and every allegation of this paragraph.

53. Defendants deny generally and specifically each and every allegation of this paragraph.

### FOURTH CAUSE OF ACTION

**Negligence**
**Against All Defendants**

54. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

55. Defendants deny generally and specifically each and every allegation of this paragraph.

56. Defendants deny generally and specifically each and every allegation of this paragraph.

57. Defendants deny generally and specifically each and every allegation of this paragraph.

58. Defendants deny generally and specifically each and every allegation of this paragraph.

6

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

59. Defendants deny generally and specifically each and every allegation of this paragraph.

## FIFTH CAUSE OF ACTION

**Negligent Supervision of Employees**
**Against All Defendants**

60. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

61. Defendants deny generally and specifically each and every allegation of this paragraph.

62. Defendants deny generally and specifically each and every allegation of this paragraph.

63. Defendants deny generally and specifically each and every allegation of this paragraph.

64. Defendants deny generally and specifically each and every allegation of this paragraph.

65. Defendants deny generally and specifically each and every allegation of this paragraph.

66. Defendants deny generally and specifically each and every allegation of this paragraph.

67. Defendants deny generally and specifically each and every allegation of this paragraph.

68. Defendants deny generally and specifically each and every allegation of this paragraph.

69. Defendants deny generally and specifically each and every allegation of this paragraph.

/
/
/

## SIXTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**
**Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50**

70. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

71. Defendants deny generally and specifically each and every allegation of this paragraph.

72. Defendants deny generally and specifically each and every allegation of this paragraph.

73. Defendants deny generally and specifically each and every allegation of this paragraph.

74. Defendants deny generally and specifically each and every allegation of this paragraph.

## SEVENTH CAUSE OF ACTION

**False Imprisonment**
**Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, K-9 RISO and DOES 25 through 50**

75. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

76. Defendants deny generally and specifically each and every allegation of this paragraph.

77. Defendants deny generally and specifically each and every allegation of this paragraph.

78. Defendants deny generally and specifically each and every allegation of this paragraph.

79. Defendants deny generally and specifically each and every allegation of this paragraph.

80. Defendants deny generally and specifically each and every allegation of this paragraph.

8

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

## EIGHTH CAUSE OF ACTION

**Violation of Civil Code § 51.7**
**Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50**

81. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

82. Defendants admit that California Civil Code § 51.7 was in effect at all times mentioned in the Amended Complaint. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

83. Defendants deny generally and specifically each and every allegation of this paragraph.

84. Defendants deny generally and specifically each and every allegation of this paragraph.

85. Defendants deny generally and specifically each and every allegation of this paragraph.

## NINTH CAUSE OF ACTION

**Violation of Civil Code § 52.1**
**Against Defendants AHERN, PECK, SALBY, NOBRIGA, WILHELM, WHITE, DRISCOLL, KIMZEY, MITRY, CARTWRIGHT, and DOES 25 through 50**

86. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

87. Defendants deny generally and specifically each and every allegation of this paragraph.

88. Defendants deny generally and specifically each and every allegation of this paragraph.

89. Defendants deny generally and specifically each and every allegation of this paragraph.

90. Defendants deny generally and specifically each and every allegation of this paragraph.

/

9

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

## STATEMENT OF DAMAGES

91. Defendants reallege their answers to the foregoing paragraphs as though fully set forth herein.

92. Defendants deny generally and specifically each and every allegation of this paragraph.

## JURY TRIAL DEMAND

93. Defendants demand a jury trial.

## COMPLIANCE WITH TORT CLAIMS ACT

94. Admitted that Plaintiff submitted a purported claim against the County of Alameda on June 12, 2007 and again on July 26, 2007. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

95. Admitted that Defendant County of Alameda rejected Plaintiff's claim. Otherwise, Defendants deny generally and specifically each and every allegation of this paragraph.

## PRAYER

WHEREFORE, Defendants deny generally and specifically each and every item or claim of damage, cost, expense, attorneys' fees or other form of relief set forth in Plaintiff's Prayer, or elsewhere in Plaintiff's Amended Complaint, and further deny that Plaintiff was damaged in any sum or sums or at all, or entitled to any relief claimed therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Amended Complaint, and its causes of action, do not state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that their conduct was reasonable, privileged, justified and/or excusable.

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that all actions undertaken by the Defendants regarding and relating to Plaintiff were in good faith and with reasonable belief that said actions were valid, necessary

10

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial

and constitutionally proper and therefore entitle Defendants to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that they are entitled to statutory and/or common law immunity, including qualified immunity, and as such are not liable for damages as alleged in Plaintiff's Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's claims for relief are barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff failed to mitigate her alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that should Plaintiff recover damages against them, they are entitled to have the amount abated, reduced or eliminated to the extent Plaintiff's negligence and/or fault caused or contributed to the damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that if negligence is found, as alleged in Plaintiff's Amended Complaint, or in connection with the subject matter thereof, such negligence was that of persons, firms, corporations or entities other than these answering Defendants, and such negligence comparatively reduces or eliminates the percentage of liability, if any, attributed to these Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that the claims set out in Plaintiff's Amended Complaint, and each cause of action therein, are barred due to Plaintiffs' failure to comply with applicable claims presentation requirements set forth in the California Government Tort Claims Act.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff's Amended Complaint does not state facts sufficient to constitute a cause of action and that it is barred by Plaintiffs' failure to comply with applicable notice and claim provisions of California Government Code Sections 910 (contents of claim),

910.2 (signature), 910.4 (forms), 911.2 (time of presentation of claims; limitation), and 945.6 (limitation practices on claims, required filing deadlines).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and each and every cause of action contained therein is limited and/or barred by the terms of California Government Code Sections 815 (liability for injuries generally; immunity of public entity), 815.2(b) (injuries by employee within scope of employment; immunity of employee), 820(b) (liability for injuries generally; defenses), 820.4 (execution or enforcement of laws; exception), 820.6 (acting under unconstitutional, invalid or inapplicable enactments), and 820.8 (acts or omissions of others).

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' actions and conduct were based on reasonable suspicion and/or probable cause under the U.S. Constitution, California Constitution and California Penal Code, therefore Plaintiffs' claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each and every cause of action contained therein is limited and/or barred by the terms of California Penal Code Sections 834 (arrest defined; persons authorized to arrest), 835 (method of making arrest; amount of restraint), 835a. (use of force to effect arrest, prevent escape, or overcome resistance), 836 (arrest with and without warrant), and 836.5 (public officers and employees; arrest without warrant; no civil liability).

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that any and all acts or omissions of Defendants, their agents or employees, which allegedly caused the injuries or damages alleged in Plaintiff's Amended Complaint, were the result of an exercise of discretion vested in them.  Therefore, Defendants are not liable for the injuries or damages complained of pursuant to California Government Code Section 820.2 (discretionary acts).

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants allege that if and to the extent the allegations of the Amended Complaint attempt to enlarge upon the facts and/or contentions set forth in the Claim, if any, filed by

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Plaintiffs, said Amended Complaint fails to state a cause of action and violates the provisions of Government Code Chapter One, commencing with Section 900, and Chapter Two, commencing with Section 910.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants are found to be negligent, which is expressly herein denied, the liability of these answering Defendants is limited by reason of California Civil Code Section 1431.2 (Several liability for non-economic damages).

WHEREFORE, these Defendants pray that:

1. Plaintiff takes nothing by reason of her Amended Complaint herein; and

2. Defendants be hence dismissed with their costs of suit, including attorneys' fees, incurred herein.

Dated: April 24, 2008

HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Rebecca S. Widen
Rebecca S. Widen
Attorneys For Defendants
COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY, R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL, B. KIMZEY, C. MITRY, and K. CARTWRIGHT

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

13

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Answer To Amended Complaint; Demand For Jury Trial