SABHARWAL LAW OFFICES
Sunena Sabharwal, SBN 148237
1999 Harrison Street, Suite 2675
Oakland, California 94612
Tel:   (510) 273-8777

Attorneys for Plaintiff
MARIE YVONNE THORNTON

Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
John C. Won, SBN 242743
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:   510-273-8570

Attorneys For Defendants, COUNTY OF ALAMEDA,
SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY,
R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL,
B. KIMZEY, C. MITRY, and K. CARTWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| MARIE YVONNE THORNTON, | Case No.: C08-0314 BZ |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | Date:   May 5, 2008 |
| COUNTY OF ALAMEDA; et al. | Time:   4:00 p.m. |
| Defendants. | Courtroom:   G |

**1.   Jurisdiction and Service**

The Court has federal question jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1331. All of the named defendants have been served, and no issues exist regarding personal jurisdiction or venue with respect to these defendants.

**2.   Brief Statement of Facts and Disputed Fact Issues**

Plaintiff, Marie Thornton, was arrested on the evening of December 16, 2006, by deputies employed by the Alameda County Sheriff's Office. The deputies were investigating an apparent argument taking place between Plaintiff and her male companion, both of whom had

1

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Joint Case Management Statement

just exited the Union Jack Pub in Hayward, California. Plaintiff alleges that she did not want to drive with her male companion, and was trying to get away from him when the deputies arrived on the scene. Plaintiff alleges that the deputies did not command her to stop walking away, did not detain her or warn that they intended to detain her. Plaintiff alleges that despite her compliance, deputies deployed a K-9 which proceeded to bite and maul her while the deputies stood nearby and laughed. Plaintiff alleges that she received severe, permanent injuries as a result of the deputies' excessive use of force.

Defendants claim that Plaintiff, who was very intoxicated, ran away from the deputies and scaled fences until she reached a large construction site strewn with dangerous debris. Plaintiff then concealed her presence from deputies underneath one of several tarps covering construction materials on the site. Defendants claim that, despite multiple loud warnings that the deputies were going to release a K-9 if she did not reveal herself, plaintiff remained concealed. In order to protect officer safety, the deputies deployed the K-9 to locate and detain Plaintiff. The K-9 quickly located Plaintiff concealed under a tarp, and utilized a "bite and hold" technique on her leg until the deputies were able to secure Plaintiff. Plaintiff was taken to Eden Hospital, where she was treated for injuries, and then was released into the custody of the Sheriff's Office for booking at Santa Rita Jail.

The undersigned counsel just learned that Plaintiff died on March 31, 2008, for reasons apparently unrelated to her claims herein. Plaintiff's counsel anticipates that Plaintiff's estate will continue to pursue this action.

The principal factual issues in dispute are:

    a. Whether Plaintiff was intoxicated, and whether her level of intoxication impaired her memory of the incident, and to what extent;

    b. Whether Plaintiff was the victim in the argument she was having with her male companion, or whether she was the aggressor;

    c. Whether Plaintiff cooperated fully with the deputies, or whether she disobeyed and/or resisted deputies' verbal commands;

    d. Whether Plaintiff cooperated fully with the deputies, or whether she fled

2

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Joint Case Management Statement

and/or concealed her presence from deputies;

e. Whether the deputies released the K-9 without warning, or whether the deputies issued multiple warnings to Plaintiff prior to releasing the K-9;

f. Whether the level of force used against Plaintiff was excessive or whether it was reasonable under the circumstances;

g. Whether Plaintiff was indiscriminately mauled by the K-9, or whether the K-9 performed as it was intended and ordered by its handler to perform;

h. The extent and nature of Plaintiff's injuries and damages; and

**i.** Whether the officers' actions were done maliciously.

### 3. Brief Statement of Legal Issues

Plaintiff alleges that her Fourth Amendment right to be free from unreasonable searches and seizures was violated through the deputies' use of excessive force against her. Plaintiff alleges that the County of Alameda is responsible for the violation because it was committed pursuant to an unconstitutional policy, pattern or practice pursuant to <u>Monell</u>. Plaintiff also claims that Defendants are liable under 42 U.S. C, and under state law tort theories, including negligence, battery, false imprisonment, intentional infliction of emotional distress, and violation of California Civil Code §§ 51.7 and 52.1.

Defendants dispute Plaintiffs' claims in their entirety. Defendants allege that liability is barred under the Fourth Amendment or any state law tort theories because the level of force used by the deputies was appropriate and reasonable under the circumstances with which the deputies were confronted. Defendant County of Alameda also alleges that there is no evidence of any unconstitutional policy, custom or practice sufficient to support a claim for municipal liability under <u>Monell.</u> The individual defendants also allege that, even if liability is found under the Fourth Amendment, they are entitled to qualified immunity for their reasonable mistakes.

### 4. Motions

Defendants previously filed a motion to dismiss in response to Plaintiff's Complaint. Defendants withdrew the motion when Plaintiff filed an Amended Complaint.

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Defendants anticipate filing a motion for summary judgment. All parties anticipate filing motions in limine prior to trial.

### 5. Amendment of Pleadings

The parties do not anticipate any amendment of the pleadings.

### 6. Evidence Preservation

The undersigned attorneys have instructed their clients to preserve any evidence, including electronically recorded material, relevant to issues reasonably evidence in this action.

### 7. Disclosures

The parties anticipate they will be able to comply on a timely basis with the initial disclosure requirements of Federal Rule of Civil Procedure 26. However, prior to the disclosure of any documents, the County of Alameda defendants wish to have a Protective Order in place to protect any confidential law enforcement documents produced. The parties have submitted a Stipulation and Protective Order for the Court's consideration.

### 8. Discovery

Defendants have subpoenaed Plaintiff's medical records from Eden Hospital. Plaintiff's counsel asserts she was not served with this subpoena, and is demanding that it be withdrawn forthwith. Defense counsel asserts proper notice was provided by mail on April 8, 2008. The parties are in the process of meeting and conferring on this issue. No other discovery has taken place to date.

The parties anticipate serving written discovery, including interrogatories and requests for production of documents. In addition, Plaintiff anticipates taking the depositions of the defendant deputies, supervising officers, and other potential witnesses in the Alameda County Sheriff's Office with knowledge pertinent to the issues in the case. Defendants anticipate taking the depositions of Plaintiff, Plaintiff's male companion Noel Zamora, medical staff at Eden Hospital who interacted with Plaintiff, and any other relevant witnesses who come to light during the discovery process.

Defendants have requested entry of a Protective Order prior to producing law enforcement records that are potentially confidential under state law and/or protected by

4

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Joint Case Management Statement

privilege. The parties have agreed to stipulate to the entry of an appropriate Protective Order, and are currently working on the language of the order. The parties will submit the proposed Protective Order for the Court's consideration prior to the Initial Case Management Conference.

The parties do not anticipate requiring any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules. The parties' requested discovery plan is set forth in Paragraph 17, *supra*.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

Not applicable.

**11.    Relief**

Plaintiff seeks general damages, special damages, punitive damages, injunctive relief, statutory damages, costs of suit and attorneys' fees, all in amounts according to proof. It is Plaintiff's position that the estate may pursue these damages under *Williams v. City of Oakland*, 915 F.Supp. 1074 (N.D. Ca. 1996).

Defendants have not had an opportunity to review which of Plaintiff's claims survive her death, if any. However, if this action proceeds, Defendants assert that punitive damages cannot be awarded against the County of Alameda, as a public entity. If Plaintiff establishes liability, Plaintiff's damages will depend on the nature of the injury proven and the claim upon which she prevails. Defendants will request apportionment of fault and damages on Plaintiff's negligence claims and will seek the benefits of California Government Code section 985 at the time of trial.

**12.    Settlement and ADR**

The parties have requested an ADR telephone conference, which is currently scheduled for April 30, 2008 at 3:00 p.m. The parties plan to request a referral to a Magistrate Judge for an early settlement conference, to take place after some initial discovery (depositions of Plaintiff, Noel Zamora, and key officers). If the matter is not resolved in the early settlement conference, then the parties anticipate conducting private mediation at a later point in the case.

5

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Joint Case Management Statement

//

**13.   Consent to Magistrate Judge For All Purposes**

The parties have filed their consents to proceed before Magistrate Judge Bernard Zimmerman for all purposes, except settlement conferences.

**14.   Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

At this time, the parties do not anticipate the need for any motions or agreements to narrow issues or for bifurcation at the time of trial.

**16.   Expedited Schedule**

The parties do not request an expedited schedule.

**17.   Scheduling**

The parties request the following case schedule:

| | |
|---|---|
| Trial | June 22, 2009 |
| Pretrial Conference | June 8, 2009 |
| Dispositive Motions heard by | April 16, 2009 |
| Expert Discovery Cut Off | February 27, 2009 |
| Rebuttal Expert Disclosure and Reports | January 30, 2009 |
| Expert Disclosure and Reports | January 16, 2009 |
| Fact Discovery Cut off | December 12, 2008 |

**18.   Trial**

The parties have requested a jury trial. Plaintiff anticipates that the trial will last 7-10 days. Defendants anticipate that the trial will last 5-7 days.

**19.   Disclosure of Non-party Interested Entities or Persons**

Pursuant to Civil L.R. 3-16, the undersigned counsel certify that as of this date, other than the named parties, there are no interested entities or persons in the subject matter in controversy or in a party to the proceeding.

//

**20.  Other Miscellaneous Matters**

None.

Dated: April 28, 2008   SABHARWAL LAW OFFICES

By: /s/ Sunena Sabharwal
Sunena Sabharwal
Attorneys For Plaintiffs
*Ms. Sabharwal provided her consent that this document be electronically filed

Dated: April 28, 2008   HAAPALA, THOMPSON & ABERN, LLP

By: /s/ Rebecca S. Widen
Rebecca S. Widen
Attorneys For Defendants

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Joint Case Management Statement