Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
John C. Won, SBN 242743
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:  510-273-8570

Attorneys For Defendants, COUNTY OF ALAMEDA,
SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY,
R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL,
B. KIMZEY, C. MITRY, and K. CARTWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| MARIE YVONNE THORNTON, | Case No.: C08-0314 BZ |
|---|---|
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF ALAMEDA; et al. | |
| Defendants. | |

Plaintiff and Defendants (hereafter the "Parties") will be producing certain documents and information in this action, either by request for production or through an initial disclosure in accordance with Federal Rules of Civil Procedure, Rule 26.

The Parties believe that portions of these documents and information are, in whole or in part, confidential, security sensitive and privileged because they contain law enforcement and criminal justice records, information and references to medical and mental health records, and substance abuse information that should only be produced for inspection or copying under the terms of this Stipulation and Protective Order.

IT IS HEREBY STIPULATED by the Parties, through their counsel, as follows:

1. All documents, materials and information (as defined by Federal Rules of Civil Procedure, Rule 34) produced and designated "confidential" by any Party (hereinafter referred to as "Confidential Materials") shall be securely maintained and kept confidential in accordance with the terms of this Stipulation and Protective Order. Any Confidential Materials produced by

1  any Party shall be identified as such, and conspicuously marked "confidential" when produced.
2  The Parties and their counsel will act in good faith in designating any Confidential Materials as
3  confidential. If any Party, through his or her counsel, contends that any portion of the
4  Confidential Materials is <u>not</u> confidential, security sensitive or privileged, then that Party and/or
5  counsel must make a proper and timely objection to opposing counsel, meet and confer in an
6  effort to resolve the disagreement, and if the disagreement is not resolved after meeting and
7  conferring, the Party asserting confidentiality shall bring the issue before the court for
8  resolution.

9      2. Counsel for the Parties may as appropriate in this action show any Confidential
10 Materials to Parties to the action, witnesses, and experts or consultants employed by the Parties
11 and retained in connection with this specific action. The Parties shall not give, show, publish, or
12 otherwise divulge any Confidential Materials, or the contents or substance thereof, or any
13 copies, prints, negatives, listings or summaries, to any person or other entity except their
14 employees, experts or consultants employed and retained in connection with this specific action.

15     3. The employees, experts or consultants of the Parties in this action to whom such
16 Confidential Materials are intended to be presented, shall, before such writings, materials or
17 information are presented to them, be given a copy of this Stipulation and Protective Order and
18 shall agree to be bound by its terms.

19     4. All Confidential Materials submitted to or filed with the Court in connection with this
20 action, or any documents which contain, set forth, summarize or otherwise refer to Confidential
21 Materials, shall be filed with the Court under seal pursuant to and in accordance with the
22 procedures set forth in Northern District Local Rule 79-5.

23     5. The Parties, and their counsel, experts and consultants may only use Confidential
24 Materials for purposes of litigating the claims and defenses in this action.

25     6. This Stipulation and Protective Order, insofar as it restricts the communication and
26 use of Confidential Materials, shall continue to be binding throughout and after the conclusion
27 of this litigation, including any appeals. At the conclusion of this litigation, including all
28 appeals, all Confidential Materials shall be returned promptly to the producing party or

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1 destroyed, except that counsel for the Parties need not destroy or return any Confidential

2 Material that became a part of the public record in this action (by use as a trial exhibit, inclusion

3 in a Court filing, inclusion in the record of any appeal, or otherwise), or any material protected

4 by a privilege, such as attorney work product or attorney-client privilege.  If Confidential

5 Materials are destroyed pursuant to this paragraph, the Party destroying the Confidential

6 Materials shall certify in writing to the producing party that such destruction has taken place.

7. This Stipulation and Protective Order, insofar as it restricts the communication and use of Confidential Materials, shall not apply to the introduction of evidence at trial.  However, any Party seeking to introduce Confidential Materials at the time of trial shall exercise good faith in determining whether an appropriate Protective Order or Sealing Order should be requested to limit any unnecessary public disclosure of Confidential Materials at trial.  Either Party may seek appropriate court orders, including without limitation, an order which restricts or expands the use of any material covered by this Stipulation and Protective Order before, during or after the trial.

8. None of the Parties, their counsel, or any of the other persons or entities who have agreed to be bound by the terms of this Stipulation and Protective Order, shall unilaterally change, limit, vacate or otherwise modify or terminate the effect of this Stipulation and Protective Order.  Any modification to the Stipulation and Protective Order requires further stipulation of the Parties and court order, or by motion to the court for good cause.

9. The improper disclosure of any Confidential Materials, or other violation of this Stipulation and Protective Order by any person or entity bound thereby, shall render the offending person or entity subject to such sanction as the Court deems appropriate.

Dated:  May 21, 2008                SABHARWAL LAW OFFICES

By:   */s/ Suenan Sabharwal
     Sunena Sabharwal
     Attorneys for Plaintiff
     *Ms. Sabharwal provided her consent that this
     Stipulation be filed

3

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Stipulation And Protective Order

Dated:  May 21, 2008                     HAAPALA, THOMPSON & ABERN, LLP

By:    /s/ Rebecca S. Widen
    Rebecca S. Widen
    Attorneys for Defendants
    COUNTY OF ALAMEDA, SHERIFF GREGORY
    J. AHERN, R. PECK, B. SALBY,
    R. NOBRIGA, S. WILHELM, J. WHITE,
    D. DRISCOLL, B. KIMZEY, C. MITRY, and
    K. CARTWRIGHT

## **PROTECTIVE ORDER**

The Court, having considered the Parties' proposed Stipulation and Protective Order and finding good cause exists, hereby orders that all Confidential Materials shall be maintained and disclosed in accordance with the provisions set forth therein.

IT IS SO ORDERED.

Dated:

    Magistrate Judge Bernard Zimmerman
    United States District Court

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Stipulation And Protective Order