SABHARWAL LAW OFFICES
Sunena Sabharwal, SBN 148237
1999 Harrison Street, Suite 2675
Oakland, CA 94612
(510) 273-8777

Attorney for MARIE THORNTON and
REPRESENTATIVE FOR MARIE THORNTON

UNITED STATES FEDERAL DISTRICT COURT,

NORTHER DISTRICT OF CALIFORNIA

MARIE YVONNE THORNTON,

          Plaintiff,

v.

COUNTY OF ALAMEDA, ET AL.,

          Defendants.

CASE NO. C08-0314 BZ

DECLARATION OF ROBERT VALLE IN SUPPORT OF MOTION TO ENLARGE TIME TO APPOINT REPRESENTATIVE [FRCP RULE 6(B) AND TO APPOINT REPRESENTATIVE [FRCP RULE 25]

Date:
Time:
Dept:
Judge:

Trial Date:

I, Robert Valle, hereby declare as follows:

1.    I make this declaration based upon my personal knowledge. If called to testify, I could and would testify as to the truthfulness of the factual matters contained herein.

2.    I married Marie Thornton in February of 2007 and remained married to her until her death on March 31, 2008.

3.    Marie is survived by two adult daughters, Erica Gutierrez and Jacqueline Marie Gutierrez, and her mother, Jane Wooden. Her mother resides in Colorado.

4.    The death was a shock to everyone, as Marie was only forty years of age. Her daughters

and mother were filled with grief. Erica found Marie at home several hours after her death. Initially, it was believed that Marie slipped in the bathroom, hit her head and died as a result of the fall. A police investigation began and the Sheriff / Coroner took custody of her body to perform an autopsy. No one informed me of the results until the last week of May, when I received a verbal report.

5.     I contacted Marie's attorney, Ms. Sabharwal about three weeks after Marie's death to inform her of the death. I had never spoken to her before or met her. She requested a copy of the death certificate or Coroner's report. I told her that I did not have the death certificate, and would try to get a copy. I was later informed that it was being held up due to not having the Coroner's report completed.

6.     Ms. Sabharwal informed me that there would be a need to appoint a representative to pursue the pending litigation, if family members wished to pursue the action on Marie's behalf. She asked me whether there was a will or administrator of the estate. I was not aware of a will or the existence of any administrator. I told her that I would speak to Marie's daughters and mother to determine whether they wished to pursue the matter.

7.     Discussion of the issue was difficult, as everyone was filled with grief and shock at Marie's death. They informed me that they did not wish to be responsible for continuing the case, and that it would be emotionally painful. I later informed Ms. Sabharwal and she asked me whether I was interested in pursuing the case. I told her that I hesitated because I wanted to honor the wishes of the girls. We agreed to coordinate a phone conference with the girls and me to discuss the issue.

10.     Within the next few weeks I contacted Ms. Sabharwal while the girls were at my home so that we could discuss the issue in their presence. I remember that Ms. Sabharwal spoke to Erica,

THORNTON V. ALAMEDA COUNTY, DECLARATION OF ROBERT VALLE- 2

who found her mother on the bathroom floor. I observed that it was difficult for Erica to have that conversation. I believe that the conversation was ended with Ms. Sabharwal saying that she wanted to give us time to think about it, and that she would call back in a week or so to see if we felt any differently.

11.  When we next spoke, I informed Ms. Sabharwal that the girls did not wish to pursue the case because of the emotional toll it would take on them. I also felt a conflict within myself because on the one hand, I understood the reasons why it was important to pursue the matter. Marie's life had been very difficult in the two years following the accident due to the significant physical pain she was in as a result of the incident, and because I understood from her that the dog mauling incident had been a vivid, traumatic incident for her. Marie had to take many pain medications to deal with pain attributable to that incident and she had many problems during the last two years of her life because of it. Based upon what I knew, I also had a personal belief that the manner in which the Sheriff's department dealt with Marie was an extreme reaction to the situation. On the other hand, I wanted to respect her daughters' wishes. Ms. Sabharwal talked at some length about these feelings. I needed time to think about it.

12.  I also told Ms. Sabharwal that I also had concerns about my health. I revealed to her that I had a brain disease which had progressed to the point that I needed lots of medical attention and that I had difficulty getting around, and that participating in the case could be difficult. I did not share much detail with Ms. Sabharwal about my health condition.

13.  I contacted her some weeks later and told her that I was interested in being a representative, but that I felt I did not understand enough about the case. Ms. Sabharwal told me that she would be interviewing some of the Sheriff's officers that were involved in the incident within the next few weeks, and that I should attend those to better understand the case. It would

THORNTON V. ALAMEDA COUNTY, DECLARATION OF ROBERT VALLE- 3

also be an opportunity to complete paperwork necessary to make me a representative. She also told me that there was a conference with the Court on August 8th, and that we needed to make sure that the process was completed before that. I told her that I would come to the deposition of Deputy White, the officer that used the dogs to injure Marie, which she was going to take on July 18th. It was moved to July 25th and I told Ms. Sabharwal that I would attend. I did not share my health condition with Ms. Sabharwal at that time. I may have told her in passing that I had been sick, but I did not provide any details.

14. I did not show up to the deposition, nor did I contact Ms. Sabharwal in advance to tell her that I was showing up. My health has been declining rapidly. I provide a brief history of my condition to the Court as follows:

15. In 2003 I was diagnosed with renal cell carcinoma, kidney cancer. I had a 3.5 pound tumor on my kidney. I had further complications. In 2005, I had a deep vessel thrombosis in my leg and had surgery. After surgery, and through the present, I have had problems with my blood pressure being too low and I fall over a lot.

16. In 2006 I had a hypertensive seizure, as a result of my blood pressure climbing rapidly. Ever since then my right leg and right arm do not function. I have been told that I have a neuro degenerative disease with multiple systems atrophy. Over the past months, and becoming more severe over the last several weeks, I have been having increasing problems walking and caring for myself. My mind is slower and I tend to be forgetful. I have been going to Stanford Hospital and they have said that there is nothing more that can be done for me, and that I am having and will continue to have a decline in musculature which makes me a risk for choking, aspirating, and susceptible to pneumonia. I have been told that it will be very difficult for me to survive pneumonia because of my condition.

THORNTON V. ALAMEDA COUNTY, DECLARATION OF ROBERT VALLE- 4

17. I do not have a wheelchair. I was supposed to get one, but due to Marie dying, the insurance lapsed. I then had to qualify for Medicare which took some time. There was also a mix-up in the system and the wheelchair did not arrive.

18. I intended to attend the deposition of Deputy White on Friday, July 25th. I was feeling very ill and also forgot the date. Ms. Sabharwal's secretary called me that afternoon to inquire about my whereabouts and I told her that I had forgotten and was feeling ill. She told me that it was important that I meet with Ms. Sabharwal and I told her that I would come to the deposition of Deputy Peck, which was supposed to take place the following Monday. I hoped that I would be feeling better and could get to the deposition. Unfortunately, I was very ill that day and did not attend. Ms. Sabharwal's secretary called the next day to inquire about the reason I did not attend and I told her that I had been too ill.

19. Ms. Sabharwal contacted me about two days later to inform me that the Court had continued the Settlement conference to September 2, 2008. I realized that I would not be able to participate or at least would require assistance to get there. I contacted my sister, who said that she would help. I am hopeful that I will have a wheelchair by that time and will be able to participate. She inquired whether I thought Marie's daughters might be willing to participate in my place, due to my condition and the time that has lapsed since her death, and then said she would call them. She explained that it would be problematic if we had a settlement conference and I was unable to attend because parties are required to appear.

//
//
//
//

THORNTON V. ALAMEDA COUNTY, DECLARATION OF ROBERT VALLE- 5

20. My sister has taken the day off from work so that she can take me to the September 2, 2008 Court conference. Ms. Sabharwal has expressed her concern this week that even with a wheelchair, that I could be compromising my health by attempting to attend hearings. She informed me of her view that my quality of health and life are important too and that I should not over extend myself or feel pressured because of this case. We are in the process of determining whether my sister is willing to be the representative.

I declare under penalty of perjury under the laws of the State of California and under the Laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed in Union City, California on August 7, 2008.

*Robert E. Valle*

ROBERT VALLE