**SABHARWAL LAW OFFICES**
Sunena Sabharwal, SBN 148237
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 273-8777

Attorney for Plaintiff
MARIE YVONNE THORNTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIE YVONNE THORNTON

    Plaintiff,

vs.

COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT, ET AL.,

    Defendants.

**CASE NO. C08-0314**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENLARGE TIME TO SUBSTITUTE REPRESENTATIVE; AND TO SUBSTITUTE REPRESENTATIVE**

**FILED WITH: DECLARATION OF ROBERT VALLE; DECLARATION OF SUNENA SABHARWAL; PROPOSED ORDER**

Date: 9-17-08
Time: 10:00 a.m.
Courtroom: G, 15th Floor

Related Motion For Dismissal is set for hearing on September 17, 2008

INTRODUCTION

Plaintiff and her prospective representative hereby move the Court for an order enlarging time to file a Motion for Substitution pursuant to Federal Rules of Court, Rules 6(b) and Rule 25(a), after the expiration of the 90-day period. The statement noting the death was filed on April 24, 2008.

STATEMENT OF FACTS

The relevant facts are set forth in the Declaration of Sunena Sabharwal and the Declaration of Robert Valle filed herewith.

In summary, Marie Thornton died on or about March 31, 2008 at the age of 40. She was

---

DECLARATION OF SUNENA SABHARWAL.....                                                                          1

survived by her mother and two adult daughters. She is also survived by her husband, Robert Valle. Decedent's counsel was informed of the death by Robert Valle on or about April 23, 2008. Defense counsel was informed of the death the same day.

Decedent's counsel spoke to Mr. Valle on May 5, 2008 to determine whether there was a will or administrator of the estate. He informed her that he had no knowledge of either. They discussed how he and Ms. Thornton's next of kin felt about pursuing the action. He expressed hesitation because he knew it would be very difficult for the family, especially the daughters and mother. He was concerned that discussion of the case would be painful for the family.

Decedent's counsel spoke again with Mr. Valle on May 23, 2008 and he confirmed that Decedent's daughters and mother were not interested in pursuing the case. He was unsure whether he was willing to be a representative because the daughters might be affected and he also had concerns about his ability to be a representative due to his health problems. It was agreed that Decedent's counsel would speak directly to the daughters, which she did on or about June 13, 2008. They felt that it would be too upsetting to be involved in the litigation and to pursue it, but did not object to Mr. Valle pursuing it. Mr. Valle was unable to come to a decision because he was still concerned about the potential impact upon Decedent's daughters and mother, but was willing to pursue it.

Mr. Valle has significant health problems which made it difficult for him to participate. He was to meet counsel on July 18th, later on July 25th and later on July 28th, but missed all of these appointments due to his condition. He wanted to come to depositions and sign necessary paperwork for the appointment of a representative all in one meeting, to avoid having to make multiple trips due to his failing health. He requires a wheelchair but since Decedent died, he had to get other insurance and has been unable to get a wheelchair. He hopes to have one soon.

The Coroner's report was provided to Decedent's counsel on or about July 23, 2008, and reveals that the cause of death may be related to the incident. This issue needs to be further investigated and the family members contacted about a potential new issue and the need to file governmental claims and amend the complaint to allege wrongful death claims.

There is a settlement conference on September 2, 2008. Decedent's counsel will file a motion to advance the date of the hearing next week, to have it heard before the settlement

---

DECLARATION OF SUNENA SABHARWAL......                    2

conference, and has been informed that Defendant's counsel has no objection so long as the motion for dismissal for failure to appoint a representative, is advanced to the same date.

POINTS AND AUTHORITIES

Federal Rule of Civil Procedure, rule 6 permits a party to move the court to enlarge time to perform an act that must be completed within a specified time. Where the motion is made after the time has expired, the party must show excusable neglect.

The failure to file a motion for substitution within ninety days of service of a Suggestion of Plaintiff's death "does not automatically mandate dismissal of the action as to the deceased party, despite Rule 25's 'use of the word "shall"' where the motion is made after the prescribed period." *U.S. District Court v. Kernisant*, 22 F.R.D. 422, 426-427 *(2005 E.D. New York)*. A Court may extend the time in which to file a motion for substitution before or after the expiration of the ninety day period pursuant to Federal Rules of Civil Procedure sec. 6(b). (*Id.*)

To determine the existence of excusable neglect, the Court must consider "the danger of prejudice" to the opposing party, "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel and Casino* 116 F.3d 379, 381 (1997 9th Cir.) In considering these factors, the Court "will ordinarily examine all fo the circumstances involved rather than holding that nay single circumstance in isolation compels a particular result regardless of other factors." *Id*. At p. 382.

"[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be *liberally granted*." *Continental Bank v. Meyer*, 10 F.3d 1293, 1297 (1993 7th Cir.), *emphasis added*, [Party failed to move for substitution until over eight months after death was suggested; that party's attorneys continued to file papers on decedent's behalf and continued to participate in settlement discussions created reasonable belief that estate would be substituted without objection.), quoting *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D.Pa.1984).

Here, there has been no prejudice as a result of the delay. The ninety day period expired on July 23, 2008. The parties engaged in discovery, taking three depositions between July 25th and July 28th. Clearly, defendants were not concerned about incurring discovery expense after the 90 day

period. Defendants never expressed any urgency to completing the substitution process. They were aware that the family was grieving and rushed to file the notice of death. There was no bad faith on the part of the Decedent's family, whose members were in anguish over the death and the decision to proceed with the action. Decedent's husband wishes to vindicate the events giving rise to the Decedent's claims, a decision he made in mid June, but has had difficulty making appointments to accomplish the substitution due to significant and severe health problems and life circumstances. In addition, there are potential new and significant claims that the family must consider, which were revealed to Counsel by production of the Coroner's report by defendants on or about July 23, 2008. All of these factors point to excusable neglect.

## CONCLUSION

For all of the foregoing factors, the Court should grant the motion for substitution of Robert Valle as the representative for Marie Thornton's estate.

Dated: August 7, 2008                                    SABHARWAL LAW OFFICES


                                                          /S/
                                                          Sunena Sabharwal
                                                          Attorney for Plaintiff and Prospective
                                                          Representative