Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
John C. Won, SBN 242743
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:   510-763-2324
Fax:   510-273-8570

Attorneys For Defendants, COUNTY OF ALAMEDA,
SHERIFF GREGORY J. AHERN, R. PECK, B. SALBY,
R. NOBRIGA, S. WILHELM, J. WHITE, D. DRISCOLL,
B. KIMZEY, C. MITRY, and K. CARTWRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| MARIE YVONNE THORNTON, | ) Case No.: C08-0314 BZ |
|---|---|
| Plaintiff, | ) **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO SUBSTITUTE REPRESENTATIVE; AND TO SUBSTITUTE REPRESENTATIVE** |
| vs. | |
| COUNTY OF ALAMEDA; et al. | |
| Defendants. | ) Date:       September 17, 2008<br>) Time:       9:00 a.m.<br>  Courtroom: G, 15th Floor |

In opposition to Plaintiffs' Motion to Enlarge Time To Substitute Representative; And To Substitute Representative, defendants hereby incorporate the arguments asserted in their previously-filed Notice Of Motion And Motion For Mandatory Dismissal Pursuant To FRCP 25(a)(1) (Docket # 40). In addition, defendants offer the following arguments:

**A.   Plaintiff Has Not Shown Excusable Neglect.**

The 90-day deadline for substituting the estate or personal representative for a deceased plaintiff is mandatory. *See* FRCP 25(a)(1). Although the deadline can be extended upon a showing of excusable neglect, that standard has not been met in this case. The declarations of Sunena Sabharwal and Robert Valle, submitted in support of plaintiff's motion, demonstrate only that the issue of substitution has been discussed between them. There is no reasonable explanation for why a timely substitution was not made; why a motion for enlargement of time was not made prior to the expiration of the deadline if they knew they needed more time; or precisely when (or if) the substitution will be accomplished. Indeed, the only thing the

1

*Thornton v. County of Alameda, et al.,/*Case #C08-0314 BZ
Defendants' Opposition To Plaintiff's Motion To Enlarge Time To Substitute
Representative And To Substitute Representative

declarations really demonstrate is that no probate proceeding exists, no personal representative has been appointed, and Ms. Thornton's successors in interest are reluctant to pursue the litigation. Because plaintiff has not demonstrated excusable neglect in substituting the proper plaintiff, the motion to enlarge time should be denied.

**B.    Robert Valle's Declaration Establishes That He Cannot Be Substituted In As Plaintiff.**

Plaintiff's motion requests that the Court substitute Robert Valle as the "representative for Marie Thornton's estate," yet Mr. Valle's declaration indicates that he is extremely equivocal about both his desire and his physical ability to pursue this action. Indeed, Mr. Valle states that he is in the process of determining whether his sister is willing to be the representative. (Valle Dec., p. 6, ll. 6-7). Clearly, Mr. Valle should not be substituted in as plaintiff given the testimony provided in his declaration.

Additionally, the declarations submitted in support of the motion do not establish that Mr. Valle was appointed as personal representative of Ms. Thornton's estate in a probate proceeding. Absent that, the action may only be maintained by Ms. Thornton's successor(s) in interest, which have not been identified.

**C.    Defendants Are Prejudiced By The Continued Delay In Substituting A Proper Plaintiff.**

Defendants are prejudiced by plaintiff's unexcused delay in resolving this issue and substituting a proper plaintiff. The parties were forced to reschedule the September 2, 2008 settlement conference with Magistrate Judge Maria Elena James because this issue remains unresolved. Due to Judge James' busy calendar, the settlement conference could not be rescheduled until November 5, 2008. In the meantime, defendants continue to incur the costs and fees associated with defending the case. The parties have already engaged in some limited written discovery and depositions. If the case is going to proceed, the parties will need to engage in substantial additional fact discovery, expert retention, expert discovery, and trial preparation. All of this will need to be accomplished within the next few months, as the case is set for trial in March 2009. Because plaintiff's failure to substitute in the proper plaintiff has

2

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Opposition To Plaintiff's Motion To Enlarge Time To Substitute
Representative And To Substitute Representative

caused uncertainty, has delayed the case, and has prejudiced defendants' ability to defend it, the motion to enlarge time should be denied and the case should be dismissed.

Dated:  August 25, 2008

HAAPALA, THOMPSON & ABERN, LLP

By:   /s/ Rebecca S. Widen
Rebecca S. Widen
Attorneys for Defendants
COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, SHERIFF GREGORY J. AHERN, DEPUTY R. PECK, DEPUTY B. SALBY, DEPUTY R. NOBRIGA, DEPUTY S. WILHELM, DEPUTY J. WHITE, DEPUTY D. DRISCOLL, DEPUTY B. KIMZEY, DEPUTY C. MITRY, and DEPUTY K. CARTWRIGHT

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

3

*Thornton v. County of Alameda, et al.,*/Case #C08-0314 BZ
Defendants' Opposition To Plaintiff's Motion To Enlarge Time To Substitute Representative And To Substitute Representative